443 So.2d 398 (1984)
STATE of Florida, Appellant,
v.
Dominic STABILE and Lucas Mesa, Appellees.
No. 82-2137.
District Court of Appeal of Florida, Fourth District.
January 4, 1984.
*399 Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellant.
Sharon B. Jacobs of Chaykin, Karlan & Jacobs, Coral Gables, for appellees.
ANSTEAD, Chief Judge.
This is an appeal from the dismissal with prejudice of anti-trust charges filed by the state against appellees, Dominic Stabile and Lucas Mesa.
Stabile and Mesa were initially charged with violations of section 542.05, Florida Statutes (1979) on September 30, 1980. On October 1, 1980, chapter 542 was substantially amended. The amendments added, inter alia, three new procedural requirements: defendants must be charged by indictment, section 542.27(1); any state attorney instituting proceedings under this section must obtain the written permission of the Attorney General, section 542.27(1); and the commencement of trial for civil penalties shall bar a subsequent criminal prosecution for the same acts and vice-versa, section 542.21(3).
Stabile and Mesa moved the trial court to dismiss the charges because the state's action was not by indictment, no permission had been secured from the Attorney General and the state had filed a civil action against these defendants at the same time the criminal proceedings were initiated. Implicit to this motion was the claim that the new statutory procedures applied to the appellees even though they were charged before the amendment became effective. This motion was granted, and the charges were dismissed without prejudice to the state to refile. The grounds for the dismissal were not specified. The state appealed to this court, arguing only that the trial court erred in ruling that the new procedures applied. This court affirmed without opinion.
The state then brought identical charges against Stabile and Mesa by indictment after securing written authorization from the Attorney General to proceed. Stabile and Mesa again moved to dismiss the charges. This motion claimed that the earlier dismissal and this court's affirmance became law of the case, foreclosing reconsideration of any of the grounds previously presented to the trial court, including the claim that the initiation of civil proceedings now barred a criminal prosecution. The appellees also claimed that the charging document was deficient because it did not specifically allege that the Attorney General had given the state attorney permission to proceed; and that, regardless of the res judicata effects of the prior dismissal, section 542.21(3) prevented the filing of criminal charges since civil charges had also been filed by the state. The trial court *400 found for the appellees on each of these issues and dismissed the criminal charges.
We construe the prior order of dismissal without prejudice to constitute, in essence, a ruling by the trial court that the new statute applied and that the state's pleadings did not comply with the provisions thereof. It is undisputed that the prior charges were initiated by information and that the state made no attempt to demonstrate that it had secured the Attorney General's permission to proceed. These omissions could have been, and in fact were, cured by the state in the subsequent proceedings, therefore giving effect to the "without prejudice" holding of the trial court. Furthermore, if the trial court had based its prior dismissal on the fact that the trial of civil proceedings had already commenced such dismissal would necessarily have been with prejudice since the statute bars a criminal action under such circumstances. See § 542.21(3).
The law of the case precludes relitigation of all issues necessarily ruled upon by the court, as well as of all issues upon which appeal could have been taken, but which were not appealed. Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982); Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976); Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980). A per curiam affirmance does establish the law of the case. State Commission on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA 1983). In this instance, however, our affirmance without opinion left the parties in the same posture they were in immediately after the dismissal. The charges stood dismissed, but without prejudice to the state to refile. We conclude that since the original dismissal was without prejudice, that dismissal and its affirmance did not prevent the state from refiling so long as the new charges were filed in conformance with the amended statute.
The trial court also ruled that the second charging document was deficient because it did not allege that the state attorney had the permission of the Attorney General to commence this prosecution. Stabile and Mesa candidly concede that this permission had been given but contend that this permission must be alleged in the charging document. We cannot agree. The statute does not explicitly require that this permission be alleged in the indictment. Furthermore, this situation is not analogous to situations in which an essential element of the crime is missing from an indictment, for in this case the appellees will not be prejudiced at trial by being faced with new information which they must defend against. We construe the statute as not requiring pleading of such permission.
Finally, the appellees claim that section 542.21(3)'s prohibition on criminal prosecutions after the commencement of a civil trial based on the same acts bars criminal prosecution here. While the appellees admit that the trial in the civil proceedings has not commenced, they claim that the statute must be interpreted to bar prosecution after a civil suit is filed. However, the section refers to the "commencement of trial" rather than the commencement of a civil action. Sections 542.21(4), 542.26, and 542.29 refer to an action being "commenced." Section 542.27(1) mentions "commencement and trial of ... prosecutions... ." Thus, the legislature used "commencement" in conjunction with both action and trial. This indicates that "commencement" is intended to mean "beginning" and that the "commencement of trial" was deliberately chosen as the relevant time for section 542.21(3) rather than commencement of the action. Since the legislature differentiated between the commencement of a prosecution and its trial in section 542.27(1), it seems clear that the phrase "commencement of trial" means just what it says rather than commencement of legal proceedings as appellees contend.
The appellees also object to this interpretation because they claim that their rights against self-incrimination will be violated. In a criminal proceeding, a defendant *401 may refuse to testify at all, but in a civil proceeding a defendant's refusal to testify is limited and its invocation may carry with it prejudicial consequences to the defendant's ability to defend the action. Delisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982).
We do not believe the statute is violative of a defendant's constitutional rights any more than those rights would be affected when both civil and criminal cases may be brought arising out of the same alleged misconduct. For instance, we know of no constitutional bar to the prosecution of both civil and criminal proceedings when a defendant's alleged wrongful conduct results in personal injuries to another. In that case the defendant's dilemma would be no less burdensome than the appellees' alleged dilemma here. Thus, in our view the appellees' self-incrimination argument is not well founded.
Accordingly, for the reasons set out above, we reverse the order of the trial court and remand for further proceedings in accord herewith.
HERSEY and DELL, JJ., concur.