498 So.2d 1307 (1986)
Jennie J. QUAST, Appellant,
v.
Clifford G. QUAST, Appellee.
No. 85-1509.
District Court of Appeal of Florida, Fourth District.
November 19, 1986.
On Motion for Rehearing and/or Clarification January 8, 1987.
*1308 Jennie J. Quast, pro se.
Adrienne Maidenbaum of Feinberg & Maidenbaum, Hallandale, for appellee.
WARNER, MARTHA C., Associate Judge.
This is the second appearance of this case in this court.
On April 5, 1983, a final judgment of dissolution of the parties' marriage was entered after a final hearing in which the appellant appeared pro se. The final judgment determined special equities and divided all other properties of the parties owned jointly and individually. That judgment was appealed, and this court per curiam affirmed on February 29, 1984.
Thereafter, the appellee filed a motion in the lower court to enforce the final judgment. The parties ultimately filed lists of their assets, and the appellee filed a motion for distribution of those assets in accordance with the original final judgment which had been affirmed on appeal. On April 25, 1985, the court rendered an order of distribution. The court ordered the appellant to transfer cash, stock, and personalty to the appellee, and if appellant failed to make the transfers, the court would enter a final judgment as to all items without further hearing.
Appellant filed a motion for rehearing of the order of distribution which was denied, and on June 3, 1985, final judgment was rendered because of appellant's failure to comply with the order of distribution. Appellant then filed her appeal.
Appellant claims that the order of distribution was unfair and unconstitutional. However, to support her claim she argues that the trial court in the original hearing made errors. The original decree has already been affirmed on appeal, this establishing the law of the case. State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984). The law of the case precludes relitigation of all issues necessarily ruled on by the court, as well as all issues upon which an appeal could have been taken but which were not appealed. Id. at 400. This appeal is an attempt to obtain a second appeal of the original decree, which is not permitted. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965).
However, as to the issue directed solely to the order of distribution, the appellant is correct in claiming that the trial court failed to include in the order the 676 shares of Mobil Oil stock jointly owned by the parties which are held by the appellee. In his response to the motion for rehearing on the order of distribution, the appellee admitted as much. Thus, the final order of distribution should have taken into account these shares of stock, either by requiring *1309 one-half of them to be distributed to appellant or by crediting her share of them against any transfers required to effectuate the order. Upon remand, the trial court should include these shares of stock in its order of distribution.
Affirmed in part and reversed in part and remanded with direction.
ANSTEAD and GLICKSTEIN, JJ., concur.

ON MOTIONS FOR REHEARING AND/OR CLARIFICATION
ORDERED that Appellant's December 3, 1986 motion for rehearing is denied.
ORDERED that Appellee's December 4, 1986 motion for rehearing and/or motion for clarification of the November 19, 1986 Order awarding attorney's fees to appellant is granted and that portion of the order awarding appellant attorney's fees is vacated. Appellant's entitlement to attorney's fees would require that the appellant had incurred the expense and the obligation of having an attorney represent her.