697 So.2d 161 (1997)
Steven RUBIN and Al Rubin, Appellants,
v.
The STATE of Florida, Appellee.
No. 96-2724.
District Court of Appeal of Florida, Third District.
June 4, 1997.
Order Certifying Conflict and Denying Rehearing August 6, 1997.
*162 Bierman, Shohat, Loewy, Perry & Klein, P.A. and Ira N. Loewy, Miami, for appellants.
Robert A. Butterworth, Attorney General and Michael J. Neimand, Assistant Attorney General, for appellee.
Before COPE and GREEN, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
This is a joint appeal after a jury trial. Appellant, Steven Rubin appeals his convictions and sentences for burglary of an occupied structure, grand theft, petit theft, criminal mischief, burglary to a conveyance, and conspiracy to commit burglary. Appellant, Al Rubin appeals his convictions and sentences for grand theft and petit theft. We affirm in part and reverse and remand in part.
We first find no error in the trial court's denial of Steven Rubin's motion for judgment of acquittal. Based upon our review of the record, we conclude that the evidence adduced by the State was legally sufficient to support his convictions for criminal mischief and burglary of an occupied structure. See State v. Law, 559 So.2d 187, 188-89 (Fla. 1989).
We agree with Steven Rubin, however, that his departure sentence must be vacated and that he must be resentenced where the trial court relied upon an incorrectly calculated score sheet. A "trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended guideline sentence." See Smith v. State, 678 So.2d 1374, 1376 (Fla. 4th DCA 1996) (quoting Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988)); see also Moore v. State, 519 So.2d 22, 23 (Fla. 3d DCA 1987); Davis v. State, 493 So.2d 82, 83 (Fla. 1st DCA 1986). In light of the fact that *163 we must remand this cause for Steven Rubin to be resentenced under a properly calculated score sheet, our need to address his further challenges to the court's reasons for departure is obviated at this time.
Next, Al Rubin challenges the validity of the two cited reasons for his departure sentence, i.e., substantial economic hardship to the victim and the painting of offensive anti-Semitic symbols on the victim's property during the commission of the thefts. We agree that the first reason was invalid in the absence of a preponderance of proof that the victim indeed sustained a "substantial economic hardship." A court cannot use an inherent component of the crime in question to justify departure. See State v. Mischler, 488 So.2d 523, 525 (Fla.1986), superseded by statute on other grounds, Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988); Dixon v. State, 492 So.2d 410, 411 (Fla. 5th DCA 1986); Steiner v. State, 469 So.2d 179, 181 (Fla. 3d DCA), review denied, 479 So.2d 118 (Fla.1985); Baker v. State 466 So.2d 1144, 1145 (Fla. 3d DCA 1985). Since economic loss is an inherent component of every theft, the amount of the loss itself cannot alone justify a reason for departure. As to the remaining reason for departure, the state correctly concedes that it is invalid and inapplicable where Al Rubin was never charged or convicted with criminal mischief. See Fla. R.Crim. P. 3.701(d)(11); Welch v. State, 639 So.2d 1068, 1069 (Fla. 4th DCA 1994); Pennant v. State, 600 So.2d 526, 527 (Fla. 2d DCA 1992); Brown v. State, 587 So.2d 563, 566-67 (Fla. 1st DCA 1991). We thus vacate Al Rubin's departure sentence and remand with instructions that he be resentenced within the guidelines.
Finally, we find no merit to the remaining issues raised by the appellants on this appeal.
Affirmed in part, reversed and remanded in part with directions.

ON MOTION FOR REHEARING AND/OR CERTIFICATION
PER CURIAM.
Upon consideration of Appellee's motion for rehearing, this court adds the following to its opinion issued on June 4, 1997: That its holding, with respect to the score sheet error, expressly and directly conflicts with Hines v. State, 587 So.2d 620 (Fla. 2d DCA 1991), thus, we certify conflict with this decision.
Appellee's motion for rehearing on the remaining matters is denied.