703 So.2d 1183 (1997)
Joseph MACKEY a/k/a Ronnie Caloway a/k/a Virgil Caloway a/k/a Ronald Nelson Threadgil, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1421.
District Court of Appeal of Florida, Third District.
December 24, 1997.
*1184 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Joseph Mackey appeals a judgment of convictions for first-degree murder and aggravated child abuse and the sentence imposed on the child abuse conviction. We affirm the convictions and vacate the sentence.
Mackey was charged with the murder and child abuse of his girlfriend's two-year old daughter whom he was taking care of while the mother was at work. In the early part of the evening, Mackey had taken the child to a condominium that he was painting. Some time after returning to the apartment he shared with the child and her mother, Mackey called 911 for help when he noticed that the child was experiencing difficulty breathing. The child had suffered multiple bruises on her head due to blunt force trauma and shearing axonal injuries which resulted in her death.
The jury found Mackey guilty as charged. The court entered judgment and imposed a life sentence on the murder conviction and a consecutive 15-year departure sentence on the child abuse conviction.
First, Mackey argues that the trial court erred in granting the state's motion and precluding him from presenting evidence about the child's mother to support his defense that the mother was responsible for the injuries resulting in the child's death.[1] We disagree. The trial court has wide discretion as to the exclusion of evidence, and a review of the record demonstrates that the court did not abuse its discretion in this case. See Welty v. State, 402 So.2d 1159, 1163 (Fla. 1981). A review of the record reveals that Mackey's main defense was that the child suffered accidental injuries during the evening and that he inadvertently fatally injured the child while administering cardiopulmonary resuscitation to the child "in a panicked way." The record shows that the experts, including Mackey's expert, testified that the child's fatal injuries occurred when only Mackey had access to the child. Thus, contrary to Mackey's assertion, his main defense at trial could not have been that the mother was responsible for the victim's death.[2] Any evidence as to the mother would not have presented a defense for Mackey. Furthermore, Mackey merely proffered that the mother hit the child on previous occasions: the proffer did not address the nature or severity of the mother's actions. During argument on the state's motion to exclude such evidence, the parties discussed testimony that would establish that the mother spanked the child. The experts, however, testified that such injuries did not contribute to the victim's death. In addition, Mackey's expert testified that there was no foundation for opining that the child suffered prior abuse. Accordingly, the trial court did not abuse its discretion in excluding evidence concerning the mother.
Second, Mackey argues that two comments in the state's closing argument warranted granting his mistrial motions. In the portion of the state's argument as to the *1185 cause of deathblunt trauma and/or violent shaking or shaking, alonethe prosecutor stated: "Ultimately, you [the jury] will have to decide whether the blunt trauma in this case is trivial. I mean, let's face it. You're a jury. You hear a lot of experts. We can parade experts in here for five, ten, fifteen days.... Ultimately, you, as the jury, need to decide." Mackey objected contending that the remark amounted to an improper reference to additional incriminating witnesses who were not brought into court. The court sustained the objection and denied the mistrial motion.
"In order for the prosecutor's comments to merit a new trial, the comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise." Spencer v. State, 645 So.2d 377, 383 (Fla. 1994). The remark does not meet that standard. Here, the court sustained the objection to prosecutor's single comment, and the egregious nature of an improper reference to other witnesses was allayed, as the comment, considered in context, addressed the jury's obligation as fact-finder to determine the blunt trauma issue despite the conflicting experts' testimony rather than the evidence per se of defendant's guilt. See Spencer v. State, 693 So.2d 1001, 1002 (Fla. 4th DCA)(on rehearing), review denied, 698 So.2d 1225 (Fla.1997); see also Kirkland v. State, 684 So.2d 732 (Fla.1996)(where trial court sustained objection to single improper remark mistrial not warranted). We, therefore, conclude that the trial court properly denied the mistrial motion as to that comment.
We find no merit as to Mackey's contention that the prosecutor's other comment amounted to an impermissible comment upon Mackey's right to remain silent.[3] The error, if any, was not preserved for review as Mackey did not assert those grounds in the trial court. See Tillman v. State, 471 So.2d 32, 34-35 (Fla.1985); Williams v. State, 682 So.2d 631 (Fla. 3d DCA 1996). Furthermore, the comment was not improper. "[A] prosecutorial comment in reference to the defense generally as opposed to the defendant cannot be `fairly susceptible' to being interpreted as referring to the defendant's failure to testify." Kirby v. State, 625 So.2d 51, 54 (Fla. 3d DCA 1993)(quoting State v. Sheperd, 479 So.2d 106, 107 (Fla.1985)). See Barwick v. State, 660 So.2d 685, 694 (Fla.1995), cert. denied, 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996); White v. State, 377 So.2d 1149 (Fla.1979); Dorman v. State, 638 So.2d 589 (Fla. 3d DCA 1994). Accordingly, the trial court properly denied Mackey's mistrial motions.
Finally, Mackey argues that the trial court erred in using a 1991 scoresheet rather than a 1994 scoresheet in imposing a departure sentence on the aggravated child abuse count. We agree that the court used an incorrect scoresheet; the crimes were committed in April 1994. "A `trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended guideline sentence.'" Rubin v. State, 697 So.2d 161, 162 (Fla. 3d DCA 1997)(quoting Smith v. State, 678 So.2d 1374, 1376 (Fla. 4th DCA 1996)). As in Rubin, we certify conflict with Hines v. State, 587 So.2d 620 (Fla. 2d DCA 1991). We, therefore, vacate the sentence only on this count and remand for resentencing.
In summary, we affirm Mackey's convictions, vacate the aggravated child abuse sentence, certify conflict, and remand the cause for further proceedings.
NOTES
[1] We find no abuse of discretion in excluding evidence as to the mother's putting a child up for adoption, neglecting the child, and suffering instances of depression. As to evidence of the mother's drug use, although the court permitted Mackey to present certain evidence of the mother's drug use, Mackey did not present that evidence.
[2] During the trial, defense counsel proffered that it would offer expert testimony that the shearing axonal injury suffered by the child could have happened when the child was in the mother's care. The defense expert, however, stated that the shearing injury occurred when only defendant was caring for the child.
[3] The prosecutor stated:

[The defense expert] himself testified, again, in the deposition and at trial that the bruises were consistent on the front and back. They were consistent with being caused by the astroturf carpet. Could they be consistent with something else? Maybe. I haven't seen anything else. They haven't shown me anything else in this case. There is no evidence