709 So.2d 138 (1998)
Michael WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0817.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
*139 Philip G. Butler, Jr., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
After the filing of the briefs in this case, we have reconsidered the state's motion to dismiss for lack of jurisdiction, and we hereby grant the same.
Appellant was originally convicted and sentenced in 1992. The state appealed the downward departure sentence imposed by the trial court. Appellant did not cross-appeal his conviction, although cross-appeals would have been permitted. See, e.g., State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990); State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990). This court reversed and remanded for resentencing, which occurred in 1994. See State v. Warren, 629 So.2d 1014 (Fla. 4th DCA 1993). Appellant filed a notice of appeal from the resentencing but then voluntarily dismissed it. This led to a petition for ineffective assistance of appellate counsel, which we granted, thereby permitting a belated appeal from the resentencing.
In his brief, appellant does not challenge the resentencing but instead raises issues as to his original conviction in 1992. We hold that he is precluded from raising issues relating to his conviction as he could have secured review of the conviction in 1992 when the state appealed his sentence. See State v. Stabile, 443 So.2d 398, 400 (Fla. 4th DCA 1984); Neary v. State, 285 So.2d 47, 48 (Fla. 4th DCA 1973). The law of the case doctrine applies and prevents the litigation of issues which either were or could have been raised in the prior appeal. See Jefferson v. State, 516 So.2d 33, 34 (Fla. 1st DCA 1987). Appellant had ample opportunity to file his own appeal from his conviction and he failed to do so. He should not be permitted to file a long delayed appeal now. Although Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), seems to permit an appeal from a conviction on resentencing, it appears that the second district has not followed it. See Williams v. State, 686 So.2d 615 (Fla. 2d DCA 1996), rev. denied, 694 So.2d 739 (Fla.1997); Gaskins v. State, 502 So.2d 1344 (Fla. 2d DCA 1987). We firmly subscribe to the notion that appeals should be seasonably pursued so that neither the prosecution nor the defense is prejudiced by undue delay.[1]
FARMER and KLEIN, JJ., concur.
NOTES
[1] Although we do not need to reach the substantive issues, we would note that both points raised have no merit.