719 So.2d 284 (1998)
STATE of Florida, Petitioner,
v.
Joseph MACKEY, Respondent.
No. 92179.
Supreme Court of Florida.
September 24, 1998.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
PER CURIAM.
We have for review the decision in Mackey v. State, 703 So.2d 1183 (Fla. 3d DCA 1997), which certified conflict with Hines v. State, 587 So.2d 620 (Fla. 2d DCA 1991). We have jurisdiction. See art. V., § 3(b)(4), Fla. Const.
Mackey was convicted of the first-degree murder and aggravated child abuse of his girlfriend's two-year-old daughter. The trial court imposed a life sentence for the murder conviction and a fifteen-year departure sentence for the child abuse conviction. On appeal, Mackey raised several errors regarding his convictions. The only issue raised regarding his sentences was that the trial court erred in using a 1991 scoresheet, rather than a 1994 scoresheet, in imposing the fifteen-year departure sentence for the aggravated child abuse.
The Third District affirmed Mackey's convictions but reversed and remanded for resentencing on the child abuse conviction, stating as follows:
We agree that the court used an incorrect scoresheet; the crimes were committed in April 1994. "A `trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended guideline sentence.'" Rubin v. State, 697 So.2d 161, 162 (Fla. 3d DCA 1997).
Mackey, 703 So.2d at 1185. The Third District certified conflict with Hines, which affirmed a departure sentence imposed on the basis of an improperly calculated scoresheet, finding that the trial court would have imposed the same sentence notwithstanding the scoresheet error.
The State concedes that the trial court improperly utilized a 1991 scoresheet, rather than a 1994 scoresheet, in calculating Mackey's guidelines sentence for aggravated child abuse. However, the State argues against a per se rule of reversal for resentencing in cases of scoresheet errors.
We agree that it is undoubtedly important for the trial court to have the benefit of a properly calculated scoresheet when making a sentencing decision. However, it does not necessarily follow that all cases involving scoresheet errors must be automatically reversed for resentencing. This case demonstrates *285 that a per se reversal rule is unnecessary.
Here, the 1991 guidelines scoresheet utilized by the trial court provided for a lower recommended sentencing range for Mackey's offense than the 1994 guidelines. The 1991 scoresheet provided for a recommended sentencing range of 4.5 to 9 years for Mackey's offense, whereas the 1994 guidelines, which should have been used, would have provided a recommended sentencing range of 9.5 to 15.8 years. Thus, the trial court entered a departure sentence of fifteen years because it assumed that a guidelines sentence could be no greater than 9 yearsthe upper end of the 1991 guidelines range. In this case, if the trial court had "the benefit of a properly prepared scoresheet," id., the scoresheet would have indicated a maximum guidelines sentence of 15.8 years, rather than a maximum guidelines sentence of nine years. With the benefit of the correct scoresheet, there would have been no need for the trial court to have departed from the guidelines unless it determined that an even greater sentence than fifteen years was warranted.
Here the defendant may have actually benefitted from the use of the erroneous scoresheet. Therefore, to the extent that Mackey stands for a per se rule of reversal in every instance where the trial court has utilized an erroneous scoresheet, we disapprove of Mackey and approve Hines. That portion of the district court's decision that vacated the sentence is quashed. On remand, we direct that the fifteen-year sentence should be affirmed.[1]
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] This opinion does not address the Criminal Appeals Reform Act, specifically subsections 924.051(1)(a), (b), (3) and (7), Florida Statutes (Supp.1996), or Florida Rule of Criminal Procedure 3.800(b). These provisions were not addressed in the Third District's opinion and not raised by the State below. Because the sentencing predated the enactment of both, these provisions are clearly inapplicable.