DELL, J.
Kenneth Generazio appeals his conviction and sentence for capital sexual battery. He argues that the trial court erred when it admitted evidence of collateral bad acts and when it failed to instruct the jury on battery as a lesser included offense of capital sexual battery. We affirm.
On December 9, 1991, Generazio was charged by information with two counts of sexual battery upon a child under the age of twelve and three counts of indecent assault upon a child under the age of sixteen. After two trials resulting in mistrials, on June 10, 1994, the jury rendered a verdict finding him guilty on Count I, sexual battery, and on counts III, IV, and V, all lewd acts, but not guilty on count II, sexual battery. On July 1, 1994, the court granted defense counsel’s post trial motion to dismiss counts I through IV. The court departed and sentenced Gener-azio to fifteen years for the one remaining count of lewd assault, Count V.
In case number 94-2060, the State appealed the dismissal of counts I through IV, and in consolidated case number 94-2296, Gener-azio appealed the judgment and departure sentence on count V. In those consolidated appeals, Generazio argued the following issues: violation of double jeopardy, violation of right to speedy trial, error to introduce collateral bad acts, insufficient evidence to support his conviction, and an erroneous departure sentence. He did not cross-appeal the trial court’s failure to instruct the jury on battery as a lesser included offense of the capital sexual battery charged in count I. This court affirmed the conviction for count V, lewd assault, reversed the dismissal of Counts I through IV, reinstated the jury’s verdict, and remanded the case for resen-tencing. On remand, Generazio received a life sentence on count I and nine year concurrent sentences on counts III, IV, and V.
. [1-3] Generazio brings this second appeal and argues that his convictions on counts I, III, IV, and V should be reversed because the trial court admitted evidence of collateral bad acts. In the previous appeal, he made the same argument, and this court concluded that he failed to demonstrate reversible error in the admission of evidence of collateral acts. State v. Generazio, 691 So.2d 609, 611 (Fla. 4th DCA 1997). Generally, questions of law determined by the appellate court become the law of the case which must be followed in subsequent proceedings. State v. Owen, 696 So.2d 715, 720 (Fla.1997). “All points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case.” Greene v. Massey, 384 So.2d 24, 28 (Fla.1980). Generazio’s failure to demonstrate reversible error in the points raised in his previous appeal is the law of the case, and we affirm as to his argument that the trial court erred when it admitted evidence of collateral bad acts. See Owen, 696 So.2d at 720.
Next, Generazio argues that the trial court erred when it failed to instruct the jury on the lesser-included offense of battery on count I, capital sexual battery. The State contends “law of the case” also applies to this issue. The State argues that because Gener-azio did not raise this issue by cross-appeal, “[t]he law of the case precludes relitigation of all issues necessarily ruled upon by the court, as well as of all issues upon which appeal could have been taken, but which were not appealed.” State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984).
In Warren v. State, 709 So.2d 138 (Fla. 4th DCA 1998), the State appealed a downward departure sentence, but Warren did not *335 cross-appeal his conviction, although cross-appeals were permitted. This court reversed and remanded for resentencing. Id. at 139. Warren appealed from the resentencing, but voluntarily dismissed it. He later filed a petition for ineffective assistance of appellate counsel, which this court granted, thereby permitting a belated appeal from the resen-tencing. Id.
In Warren’s second appeal, this court stated,
In his brief, [Warren] does not challenge the resentencing but instead raises issues as to his original conviction in 1992. We hold that he is precluded from raising issues relating to his conviction as he could have secured review of the conviction in 1992 when the state appealed his sentence. The law of the case doctrine applies and prevents the litigation of issues which either were or could have been raised in the prior appeal. [Warren] had ample opportunity to file his own appeal from his conviction and he failed to do so. He should not be permitted to file a long delayed appeal now.
Id. (citations omitted); see also Quast v. Quast, 498 So.2d 1307, 1308 (Fla. 4th DCA 1986)(stating that law of the ease doctrine precludes relitigation of issues necessarily ruled upon by the court, as well as all issues upon which an appeal could have been taken but were not).
We have also considered whether the trial court’s failure to instinct on battery as a lesser included offense of capital battery constituted fundamental or constitutional error. See McDonough Power Equipment, Inc. v. Brown, 486 So.2d 609 (Fla. 4th DCA 1986). Battery is the category 1 necessarily lesser included offense of capital sexual battery. In re Standard Jury Instr. in Criminal Cases, 543 So.2d 1205, 1232-36 (Fla.1989). In Johnson v. State, 695 So.2d 787, 788 (Fla. 1st DCA 1997), the first district held,
Failure to give a requested instruction on a lesser-included offense only one step removed from that charged (i.e., a category 1 lesser-included offense) is per se reversible error — that is, it is error not subject to a harmless error analysis.... However, failure to instruct on necessarily lesser-included offenses (even category 1 lesser-included offenses) in a non-capital case is not fundamental error.
(emphasis added).
A capital crime is one in which the death penalty may, but need not necessarily, be imposed. Black’s Law Dictionary 209 (6th ed. 1990). In Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), the court addressed whether the trial court erred when it failed to instruct the jury on the possible penalties faced by appellant on a sexual battery charge and stated that “sexual battery is not a capital offense in which the death penalty can be given.” The court discussed several other cases dealing with the crime of sexual battery and whether it is a “capital” offense. Id. at 628. In Rusaw v. State, 451 So.2d 469 (Fla.1984), the supreme court “held that although a sexual battery could no longer be punished by the death penalty it was nevertheless to be considered a ‘capital’ crime for purposes of the sentencing provisions of section 775.082(1), Florida Statutes! [1]]” 484 So.2d at 628. In State v. Hogan, 451 So.2d 844 (Fla.1984), the court held,
[Although the crime of sexual battery remained a “capital” offense for purposes of allowing a sentence of life imprisonment without parole for twenty-five years, it did not remain a “capital” offense for purposes of the requirement that the jury be constituted by twelve persons. The requirement of a twelve-person jury was held to be applicable only in those cases where death was a possible penalty.
484 So.2d at 628. Finally, the court stated,
Since sexual battery is not a capital offense in which the death penalty can be given, we affirm the trial court’s ruling that it was not required to inform the jury of the *336 possible sentence to be imposed upon appellant for the crime of sexual battery.
Id.; see also Dailey v. State, 501 So.2d 15, 17 (Fla. 2d DCA 1986).
Accordingly, we hold that the trial court's failure to instruct the jury on battery as a lesser included offense did not constitute fundamental error. This appeal is precluded by the law of the ease doctrine. Johnson, 695 So.2d at 788; Coleman, 484 So.2d at 628; Stabile, 443 So.2d at 398.
AFFIRMED.
SHAHOOD and GROSS, JJ. concur.

. Section 775.082(1), Florida Statutes (1997) provides,
A person who has been convicted of a capital felony shall be punished by death if the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, otherwise such person shall be punished by life imprisonment and shall be ineligible for parole.