734 So.2d 1089 (1999)
Steven RUBIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2724.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Rehearing Denied May 19, 1999.
Bierman, Shohat, Loewy, Perry & Klein, P.A. and Ira N. Loewy, Miami, for appellant.
Robert A. Butterworth, Attorney General and Michael J. Neimand, Assistant Attorney General, for appellee.
Before COPE, GERSTEN, and GREEN, JJ.
PER CURIAM.
In State v. Mackey, 719 So.2d 284, 285 (Fla.1998), the supreme court disapproved a rule of per se reversal in cases involving scoresheet errors. Pursuant to Mackey, the supreme court thereafter quashed that portion of our opinion in Rubin v. State, 697 So.2d 161 (Fla. 3d DCA 1997), wherein we vacated appellant, Steven Rubin's sentence due to an incorrectly calculated scoresheet and remanded this cause for the trial court to resentence him under a properly calculated scoresheet without addressing his challenges to the departure sentence. See State v. Rubin, 721 So.2d 716, 716 (Fla.1998). Pursuant to the supreme court's mandate in State v. Rubin, we now consider whether the court's use of the improperly calculated scoresheet adversely affected the sentences imposed against the appellant. See Hines v. State, 587 So.2d 620, 621 (Fla. 2d DCA 1991) (holding court must consider whether "the trial judge would have imposed the same departure sentence notwithstanding the scoresheet error."). We conclude that in this case, any scoresheet error was harmless as the record reflects that although the appellant's point total would have been lowered, the trial court would have nevertheless imposed the departure sentence, which was supported by valid reasons.
The appellant was convicted of two counts of occupied burglary, seven counts of grand theft, two counts of petit theft, *1090 two counts of criminal mischief over $1,000, one count of criminal mischief under $1,000, four counts of burglary to a conveyance and one count of conspiracy to commit burglary. As one of its reasons for the departure sentence, the trial court found the appellant to have occupied a leadership role in a criminal organization. In this role the court found, and the evidence supports, that the appellant procured people to vandalize school property, approved the use of minors to commit various offenses against the school's property, gave directions as to how the vandalism was to be performed, financed the criminal activities and received kickbacks as a result of the criminal enterprise. Rule 3.991, Florida Rules of Criminal Procedure specifically lists a defendant's leadership role in a criminal organization as a valid reason for departure.
The second reason given for the departure sentence arises from the fact that the appellant induced two minors to participate in one of the criminal mischief offenses. This is also a valid enumerated reason for departure listed in Rule 3.991. The record reveals that the participation by the minors in the criminal offense would not have occurred without the appellant's approval. Thus, we find this to be an additional valid reason which supports the departure sentence.
A third reason cited by the court in support of its departure sentence was the emotional trauma to the students and staff. Psychological trauma to the victim has been held to be a valid reason for a departure sentence. See Lumpkin v. State, 510 So.2d 1164, 1165 (Fla. 3d DCA 1987). The school's guidance counselor testified that she had to counsel students, the majority of whom are Jewish, on a daily basis as a result of the anti-Semitic words and symbols painted on the school's property at appellant's direction.
Given the validity of these reasons for departure, we need not address the propriety of the remaining reasons cited by the trial court. See State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996) (finding sentence must be upheld if one factor justifies departure regardless of whether other factors do not). Therefore, where it is clear that the trial court would have imposed the departure sentence notwithstanding the scoresheet error and there are valid reasons for the departure sentence, we affirm.
Affirmed.