750 So.2d 734 (2000)
Douglas ISOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D97-2430.
District Court of Appeal of Florida, Third District.
February 2, 2000.
Douglas Isom, in proper person.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before JORGENSON, and COPE, JJ., and NESBITT, Senior Judge.

On Rehearing Denied
PER CURIAM.
On consideration of defendant-appellant Douglas Isom's motion for rehearing, we withdraw our previously issued opinion and substitute the following opinion:
Defendant Isom appeals orders denying his motions for postconviction relief under Florida Rules of Criminal Procedure 3.800(a) and 3.850. We affirm.
Defendant was convicted of trafficking, and conspiracy to traffic, in cocaine. See Isom v. State, 619 So.2d 369 (Fla. 3d DCA 1993). On direct appeal, the convictions were affirmed but the habitual offender sentence was reversed and the cause remanded for resentencing. This was done for two reasons. First, the trial court's remarks suggested that the court may have proceeded under the incorrect assumption that the habitual offender statute made the imposition of a life sentence *735 mandatory, rather than being discretionary. See id. at 375. The court remanded for a new sentencing hearing in view of the fact that the court had discretion over the length of sentence.
Second, the parties had proceeded to the original sentencing "on the incorrect assumption that the habitual offender adjudication took the case out of the sentencing guidelines." Id. at 376. Defendant's offense date was March 9, 1988. Under the law then existing, it was necessary to articulate departure reasons if the sentence would exceed the guidelines, notwithstanding that the sentence was being imposed under the habitual offender statute. See id.
On remand, the case was assigned to a successor judge for resentencing. In 1995 the successor judge reviewed the entire trial record, heard extensive argument at a lengthy sentencing hearing, and then reimposed a life sentence on defendant as a habitual offender. The court entered a written departure order. On appeal, this court affirmed without written opinion. See Isom v. State, 690 So.2d 613 (Fla. 3d DCA 1997).
Defendant then filed motions for postconviction relief under Florida Rules of Criminal Procedure 3.800(a) and 3.850. Defendant first contends that there are scoresheet errors which reduce his guidelines range. As calculated for the resentencing hearing, the guidelines were seventeen to twenty-two years.[1]
For present purposes, we assume that the defendant's claims of scoresheet error are correct.[2] By defendant's calculation, the scoresheet should be corrected by eliminating fifty-six points. This would reduce his recommended sentencing guidelines range to twelve to seventeen years, instead of seventeen to twenty-two years.
Relying on earlier Third District Court of Appeal precedent, defendant argues that where a trial court imposes an upward departure sentence, but there was a material scoring error such that the defendant should have been placed in a lower guidelines range, it follows that there must be a new sentencing proceeding at which the trial court may reconsider the issue of departure. See Mackey v. State, 703 So.2d 1183, 1185 (Fla. 3d DCA 1997), quashed in part, 719 So.2d 284 (Fla.1998). The Florida Supreme Court recently disapproved Mackey, ruling that "it does not necessarily follow that all cases involving scoresheet errors must be automatically reversed for resentencing." 719 So.2d at 284; see also State v. Rubin, 721 So.2d 716 (Fla.1998).
As this court recently said in another case, "We conclude that ... any scoresheet error was harmless as the record reflects that although the appellant's point total would have been lower, the trial court would have nevertheless imposed the departure sentence, which was supported valid reasons." Rubin v. State, 734 So.2d 1089 (Fla. 3d DCA 1999) (on remand from State v. Rubin, 721 So.2d 716 (Fla.1998)).
In the present case, the defendant has had two sentencing hearings. There was an initial sentencing hearing at which the original trial judge imposed a life term as a habitual offender. This court's reversal *736 explained that under the applicable version of the statutes, there could be an upward departure from the sentencing guidelines only upon valid departure reasons, and that if the trial court determined to impose habitual offender sentence, then the length of the habitual offender sentence was discretionary and did not automatically have to be a life sentence. With those directions, a successor judge reviewed the entire record, conducted another sentencing proceeding, and again imposed a life sentence as a habitual offender. The court entered a written sentencing order delineating defendant's ten prior felony convictions between 1973 and 1988, finding an escalating pattern of criminal conduct, see § 921.001(8), Fla. Stat. (1987), and imposing the life sentence. As was true in Rubin, we conclude that if there were to be a new sentencing proceeding, the result would not change.
Defendant contends that the trial court failed to make a specific finding that it was necessary for the protection of the public that defendant be sentenced to an extended term as a habitual offender. The 1987 version of the habitual offender statute provided, in part, for habitual offender sentencing "upon a finding that the imposition of sentence under this section is necessary for protection of the public from further criminal activity by the defendant...." § 775.084(4)(a), Fla. Stat. (1987). At the resentencing hearing, no one raised the question of including a specific finding that imposition of such a sentence was necessary for the protection of the public, and the written departure order does not contain such a finding in so many words. No complaint about the absence of this finding was made in defendant's appeal to this court after resentencing. The main topic of debate at the resentencing proceeding was whether a valid reason for departure existed.
We think that this claim is barred by the law of the case doctrine. This court's 1993 reversal was not based on a claim that the defendant failed to qualify as a habitual offender, nor was it based on a claim of inadequate habitual offender findings. Instead, the purpose of the reversal was to determine if valid departure reasons existed, see Isom, 619 So.2d at 375-76, and to be sure that the trial court understood it had discretion over the length of the sentence. On remand the trial court properly confined its attention on those matters.[3]
Defendant next argues that, based on the wording of the trial court's sentencing order, the trial court employed the wrong test for an escalating pattern of criminal conduct. See § 921.001(8), Fla. Stat. (1997). This claim was rejected in the defendant's direct appeal after resentencing.
Defendant's remaining claims are without merit.
Affirmed.
NOTES
[1] The resentencing scoresheet also calculated a permitted range. However, the trial court's order recognizes that, given defendant's offense date, only the recommended range applies.
[2] Defendant argues that no points should have been assessed for legal constraint at the time of defendant's offense, as he was being held in jail awaiting trial on criminal charges. Under the 1988 version of the sentencing guidelines, this circumstance was not included within the definition of legal constraint. See Fla. R.Crim. P. 3.701(d)(6) (1988). This defendant is correct on the scoring of legal constraint. This scoring charge would not, standing alone, change his recommended sentence.

Defendant claims several other scoring errors. The present record does not conclusively refute those claims. See Fla. R.App. P. 9.140(i). If defendant is correct then the guidelines range would be lower.
[3] In any event the finding is implicit in the departure order that was entered.