PER CURIAM.
This is a timely appeal of a denial of a rule 3.800(a) motion to correct an illegal sentence. We affirm.
On February 28, 1989, Douglas Isom was charged by amended information with trafficking in cocaine and two counts of conspiracy to traffic in cocaine. After a jury trial, Isom was adjudicated guilty as charged on all counts. The trial court sentenced Isom to life imprisonment with a fifteen year minimum mandatory provision as a habitual felony offender. Isom directly appealed his conviction and sentence to this Court and we affirmed his conviction but vacated his sentence and remanded for resentencing. See Isom v. State, 619 So.2d 369 (Fla. 3d DCA), rev. denied, 630 So.2d 1099 (Fla.1993). Thereafter, Isom appealed the denial of his first motion for post conviction relief, and this *293 Court affirmed. See Isom v. State, 689 So.2d 454 (Fla. 3d DCA 1997). In April of 1995, the trial court resentenced Isom to life imprisonment for the trafficking in cocaine count and concurrent terms of 15 years imprisonment for the two conspiracy counts as a habitual offender. In its written reasons for departure, the trial court based its decision on Isom’s status as a habitual offender and the escalating pattern of Isom’s criminal conduct. This Court per curiam affirmed the sentence in Isom v. State, 690 So.2d 613 (Fla. 3d DCA 1997).[1]
In July of 1997, Isom filed his second motion for postconviction relief, claiming: (1) the trial court improperly faded to obtain a presentence investigation report (PSI) prior to resentencing him; (2) the State failed to give notice of intent to seek habitualization; (3) the trial court failed to find that habitualization was necessary for the protection of the public; and (4) the trial court committed an ex post facto violation in sentencing him. Isom also filed a motion to correct illegal sentence in which he claimed that: (1) the trial court erred in scoring 14 points for legal constraint on his scoresheet; and (2) the trial court erred in calculating his scoresheet. After a hearing was held on these two motions, the trial court entered a separate written order denying each motion. On appeal, this Court affirmed. See Isom v. State, 750 So.2d 734 (Fla. 3d DCA 2000).[2]
Thereafter, in May of 2000, Isom filed a petition for writ of habeas corpus. In his petition, Isom contended that the trial court erred in denying his postconviction motions since it used an incorrect score-sheet, used an improper reason for departure, and violated the ex post facto clause in sentencing him. This Court denied Isom’s habeas petition in Isom v. Moore, 766 So.2d 1054 (Fla. 3d DCA 2000).
Only days after filing the habeas petition, Isom filed the instant motion to correct illegal sentence, alleging that: (1) the trial court miscalculated his sentencing guidelines scoresheet; (2) the trial court failed to find that it was necessary for the protection of the public to sentence Isom as a habitual offender; (3) the trial court improperly used Isom’s habitual offender status as a reason for departure from the sentencing guidelines; and (4) the trial court did not credit Isom for the proper amount of jail time served. The trial court summarily denied this motion, concluding that the motion was duplicitous of prior postconviction motions or contained claims that were or could have been raised on direct appeal. We agree.
As the State points out, in his first two points, Isom claims that the trial court miscalculated his sentencing guidelines scoresheet, and that the trial court failed to find that it was necessary for the protection of the public to sentence Isom as a habitual offender, respectively. These claims, however, were previously raised by Isom in his prior postconviction motions and ultimately rejected by this Court in Isom v. State, 750 So.2d at 734. These issues were therefore litigated and decided *294 on the merits and thus fail on an application of the law of the case as well as res judicata grounds. See State v. Stabile, 443 So.2d 398, 400 (Fla. 4th DCA 1984); see also Perez v. State, 767 So.2d 609 (Fla. 3d DCA 2000); Smith v. State, 669 So.2d 1133, 1134 (Fla. 3d DCA 1996).
In his next two claims, Isom contends that the trial court improperly used his habitual offender status as a reason for departure from the sentencing guidelines, and that the trial court did not credit him for the proper amount of jail time served. However, after his resentencing, Isom appealed that ruling to this Court. We affirmed his sentence in Isom v. State, 690 So.2d at 613. Since the law of the case was established by virtue of this Court’s affirmance of Isom’s sentence, Isom is properly precluded from obtaining relief on his claims. See Stabile, 443 So.2d at 400 (law of the case precludes relitigation of all issues necessarily ruled upon by the court, as well as all issues upon which appeal could have been taken, but which were not appealed; per curiam affirmance establishes the law of the case). See also Williams v. State, 686 So.2d 615, 616 (Fla. 2d DCA 1996); White v. State, 651 So.2d 726 (Fla. 5th DCA 1995)(a per curiam decision, even without opinion, establishes the law of the case on the same issues and facts which were raised or which could have been raised), approved, 666 So.2d 895 (Fla.1996); Gaskins v. State, 502 So.2d 1344, 1346 (Fla. 2d DCA 1987)(defendant, who had previously challenged habitual offender sentence on direct appeal of conviction, was precluded by law of the case from relitigating habitual offender issue on appeal from order on motion to correct sentence).
In any event, as to Isom’s claim that the trial court erred in using his habitual offender status as a reason for departure from the sentencing guidelines, as the State asserts, since this ground does not relate to the legality of Isom’s sentence due to the existence of another valid departure reason, this issue should have been raised under Florida Rule of Criminal Procedure 3.850, and when treated as a Rule 3.850 motion, the motion is time-barred and successive.
In the face of the State’s response that Isom argues points previously raised and rejected, Isom points out that substantive due process requires that a patently illegal sentence be corrected despite the law of the case doctrine. See Crotts v. State, 795 So.2d 1020 (Fla. 2d DCA 2001); Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999)(holding substantive due process requires patently illegal sentence be corrected despite the law of case doctrine). A review of the record here reveals no such patent illegality.
Accordingly, for the reasons outlined, we affirm the order under review.

. That appeal had raised three issues: whether the trial court erred by denying Isom a full-blown re-sentencing hearing; whether the trial court erred in finding that a "pattern of escalating criminal activity” existed to justify departure; and whether, although this court's directions in Isom v. State, 619 So.2d 369 (Fla. 3d DCA 1993), led the lower court to believe it could depart from the guidelines on remand, no departure should have been allowed where the original sentencing court considered a guidelines scoresheet indicating that it knew it was departing from the guidelines.

. Review of this case was granted by the Supreme Court and thereafter dismissed as improvidently granted. See Isom v. State, 790 So.2d 1092 (Fla.2001).