915 So.2d 183 (2005)
Douglas ISOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1003.
District Court of Appeal of Florida, Third District.
May 4, 2005.
Rehearing and Rehearing Denied December 9, 2005.
Douglas Isom, in proper person.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
*184 Before COPE, RAMIREZ and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied December 9, 2005.
PER CURIAM.
Douglas Isom appeals an order denying his motion to correct an illegal sentence. We affirm in part and reverse in part.
Defendant-appellant Isom argues that there are two scoring errors on his sentencing guidelines scoresheet, other than the scoring errors discussed in Isom v. State, 750 So.2d 734 (Fla. 3d DCA 2000), and Isom v. State, 800 So.2d 292 (Fla. 3d DCA 2001). Assuming that is so, the defendant is not entitled to relief. We have previously held that, even if there were errors in the guidelines scoresheet as the defendant has claimed, any such error would be harmless in view of the fact that after two separate sentencing proceedings before two separate judges, each trial judge concluded that the defendant should be sentenced to life imprisonment as a habitual offender. Isom, 750 So.2d at 735-36. The claim of additional scoring errors does not change that analysis.
The defendant also claims that one of his earliest convictions was for a first degree felony punishable by life imprisonment, and that if this had been correctly understood, it would have undercut the trial court's finding at his sentencing that there was an escalating pattern of criminal conduct in his case.[*] This claim raises a factual issue which had to be pursued under Florida Rule of Criminal Procedure 3.850. The claim is therefore time barred. A claim that departure reasons were inadequate does not render a sentence "illegal" for purposes of Florida Rule of Criminal Procedure 3.800(a). See Davis v. State, 661 So.2d 1193, 1197 (Fla. 1995), receded from in part on other grounds, Mack v. State, 823 So.2d 746, 748 (Fla.2002).
The defendant also argues that the trial court failed to grant him 830 days of credit for time served in jail prior to trial. This court previously affirmed the denial of such relief in Isom v. State, 800 So.2d 292, 294 (Fla. 3d DCA 2001). The theory was that affirmance of the defendant's sentence on direct appeal precluded a subsequent claim for credit for time served.
We conclude, however, that under the amended version of Florida Rule of Criminal Procedure 3.800(a), the defendant's claim may be entertained. The amended rule states, "A court may at any time correct ... a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face entitlement to that relief...." Fla. R.Crim. P. 3.800(a). Also, under State v. McBride, 848 So.2d 287 (Fla.2003), it would be a manifest injustice to fail to award proper credit for time served. We remand solely for a determination of the defendant's claim for additional credit for time served.
Affirmed in part, reversed in part, and remanded to determine claim for additional credit for time served.
NOTES
[*] Under the version of the habitual offender statute in effect at the time of the defendant's sentencing, departure reasons were needed to sentence a defendant as a habitual offender, if the habitual offender sentence was in excess of the sentencing guidelines range. See Isom v. State, 619 So.2d 369, 375-76 (Fla. 3d DCA 1993).