PER CURIAM.
Appellant was convicted of first-degree murder, attempted first-degree murder and armed burglary. In his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800, he claims that his sentences on counts II and III are illegal because he was sentenced under the sentencing guidelines when they were not in effect at the time of the commission of the offenses; he further claims that because the sentencing guidelines were adopted by the legislature prior to the date of his initial sentencing, he is entitled, upon resentencing, to either elect to be sentenced under the guidelines in effect at the date of resentenc-ing or to elect a pre-guidelines sentence. We agree and, accordingly, reverse the trial court’s denial of his motion and remand for resentencing.
*920 The date of the commission of appellant’s offenses was December 23, 1983. The Florida Supreme Court implemented the sentencing guidelines in In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983), which pronounced that the guidelines “will be effective for all applicable offenses committed after 12:01 a.m., October 1,1983, and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring pri- or thereto.” Id. at 849. The trial court found, based on In re Rules of Criminal Procedure, that appellant was properly sentenced under the guidelines on counts II and III. However, in Smith v. State, 537 So.2d 982 (Fla.1989), the supreme court held that the sentencing guidelines were unconstitutional prior to their adoption by the legislature on July 1, 1984. In the present case, appellant was initially sentenced on September 21, 1984. Because the commission of appellant’s offenses was prior to the effective date of the guidelines, appellant’s sentence is illegal. See Wahl v. State, 543 So.2d 299 (Fla. 2d DCA 1989), However, since the date of sentencing was subsequent to that date, appellant is entitled to be resenteneed, at which time he may elect to be sentenced under the guidelines, or he may elect a pre-guidelines sentence wherein he could receive the statutory maximum. See Smith, 537 So.2d at 987. If appellant elects to be sentenced under the guidelines, he shall be sentenced under the guidelines in effect at the time of his election. See Smith, 537 So.2d at 987; Connell v. Wade, 538 So.2d 854 (Fla.1989.); Wahl, 543 So.2d at 300-301.
Reversed and remanded with directions.
FRANK, A.C.J., and BLUE and NORTHCUTT, JJ., concur.