PER CURIAM.
In 1984, the trial court convicted and sentenced James E. Hinkle for first-degree murder (Count I), attempted first-degree murder with a firearm (Count II), and armed burglary (Count III). This court has twice reversed and remanded Hinkle’s ease for resentencing. See Hinkle v. State, 480 So.2d 206 (Fla. 2d DCA 1985); Hinkle v. State, 705 So.2d 919 (Fla. 2d DCA 1997). This appeal results from the second resentencing at which the trial court sentenced Hinkle on Counts II and III to twenty years’ imprisonment to run concurrently with each other but consecutively to the life imprisonment with a twenty-five-year minimum mandatory sentence on Count I. The trial court’s sentence on Counts II and III resulted in an upward departure from the sentencing guidelines based upon an unscorable contemporaneous capital felony. However, the trial court failed to file a written order of departure from the sentencing guidelines. Hinkle raises two issues on appeal, the second of which requires reversal.
First, Hinkle argues that the trial court erred in departing from the guidelines because he had been convicted of an unscored capital felony. However, an un-scored conviction for a contemporaneous capital felony is a valid reason for upward departure. See Bunney v. State, 603 So.2d 1270, 1271 (Fla.1992); Trice v. State, 719 So.2d 17, 19 (Fla. 2d DCA 1998), review denied, 729 So.2d 396 (Fla.1999). Accordingly, the trial court did not err by departing on this basis.
Second, Hinkle correctly argues that the trial court erred in failing to file written reasons for departure.[1] It is well-settled that the failure to include written reasons for departure requires a reversal for resentencing within the guidelines. *1154 See State v. Colbert, 660 So.2d 701, 702 (Fla.1996); Culver v. State, 727 So.2d 278, 279 (Fla. 2d DCA 1999); State v. Campbell, 673 So.2d 925, 925 (Fla. 2d DCA 1996). Accordingly, we reverse and remand for resentencing on Counts II and III within the 1997[2] sentencing guidelines.
PARKER, C.J., and PATTERSON and DAVIS, JJ., Concur.

. Hinkle is correct that this issue may be reviewed on direct appeal even though he *1154 failed to preserve it below.' Pursuant to Denson v. State, 711 So.2d 1225, 1230 (Fla. 2d DCA 1998), this court will review an un-preserved sentencing error that does not rise to the level of fundamental error if it is a serious, patent sentencing error and the court is already reviewing a preserved issue in that case. See also Bain v. State, 730 So.2d 296, 304 (Fla. 2d DCA 1999) (en banc). The failure to file written reasons for departure constitutes a serious, patent sentencing error because the departure results in a greater sentence. Because the first issue raised by Hinkle presents fundamental error and is properly before this court, this court may consider the second issue as well.

. Although Hinkle committed the underlying offenses in December 1983, he elected to be resentenced under the guidelines in effect at resentencing.