PER CURIAM.
We have for review Carson v. State, 731 So.2d 157 (Fla. 5th DCA 1999), wherein the Fifth District Court of Appeal cited as controlling authority Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), which was then pending on review in this Court. We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). Based on our decision in Maddox v. State, 760 So.2d 89 (Fla.2000), we determine that Carson may properly raise a single subject rule challenge to chapter 95-184, Laws of Florida, for the first time on appeal. See also Heggs v. State, 759 *931 So.2d 620, 623 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, — U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993). Further, based on our decision in Heggs in which we held chapter 95-184 to be unconstitutional as violative of article III, section 6 of the Florida Constitution, we quash that portion of the district court’s decision that affirmed Carson’s sentences and remand for resentencing in accordance with the valid laws in effect on February 10, 1996, the date on which Carson committed the underlying offenses in this case.[1]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Carson has standing to challenge chapter 95-184 on single subject rule grounds. See Trapp v. State, 760 So.2d 924 (Fla.2000).