PER CURIAM.
We have for review Garcia v. State, 728 So.2d 1220 (Fla. 5th DCA 1999), wherein the Fifth District Court of Appeal cited as controlling authority Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), which was then pending on review in this Court. We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). Based on our decision in Maddox v. State, 760 So.2d 89 (Fla.2000), we determine that Garcia may properly raise a single subject rule challenge to chapter 95-184, Laws of Florida, for the first time on appeal. See also Heggs v. State, 759 So.2d 620, 624 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, — U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993). Further, based on our decision in Heggs in which we held chapter 95-184 to be unconstitutional as violative of article III, section 6 of the Florida Constitution, we quash the district court’s affirmance of Garcia’s sentence and remand for resentencing in accordance with the sentencing guidelines in effect before the relevant amendments made in chapter 95-184 became effective.[1]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Garcia has standing to challenge chapter 95-184 on single subject rule grounds. See Trapp v. State, 760 So.2d 924 (Fla.2000).