772 So.2d 18 (2000)
Wallace RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2401.
District Court of Appeal of Florida, Second District.
August 16, 2000.
PER CURIAM.
Appellant Wallace Ray challenges his sentence for offenses he committed on July 4, 1996. We affirm.
In a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.800, Ray alleged that he should be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied Ray's motion because it found that Ray was given a departure sentence based on statutory aggravating factors which were equally valid under the 1994 and 1995 guidelines. We affirm the departure sentence imposed because Ray was not "adversely affected by the amendments made by chapter 95-184." Id.
While conceding that his departure sentence may be valid, Ray contends that he is still entitled to relief because his gain time was adversely affected by the amendments to section 944.275, Florida Statutes (1995), made by chapter 95-184, Laws of Florida.[1] We do not address the merits of this claim because Ray must first present this claim through the administrative channels of the Department of Corrections (DOC). See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). If Ray is not satisfied with the ruling of the DOC, he can then file a petition for mandamus with the appropriate circuit court. See Newsome v. Singletary, 637 So.2d 9, 11 (Fla. 2d DCA 1994).
Affirmed.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Section 26 of chapter 95-184, Laws of Florida, made certain changes to the gain time statute. See § 944.275, Fla. Stat. (1995). Heggs declared chapter 95-184 unconstitutional in its entirety. However, the major 1995 amendment to section 944.275 was made by chapter 95-294, Laws of Florida, a chapter not addressed in Heggs.