769 So.2d 417 (2000)
Gwenda Jean LEMON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1861.
District Court of Appeal of Florida, Fourth District.
September 6, 2000.
Rehearing Denied November 1, 2000.
Gwenda Jean Lemon, Florida City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals the trial court's order denying her motion to correct sentence alleging her right to be resentenced under the 1994 guidelines in her two underlying cases. Although the 1995 guidelines were used to calculate the scoresheet in one of those cases, she was given an upward departure sentence of ninety-six months, *418 which corresponds to the 1994-guidelines sentence of ninety-six months imposed in the second case.
We reject the state's argument that because the departure sentence could have been imposed even if the 1994 guidelines had been used, appellant is not entitled to relief. Although this reasoning has been applied to habitual offender sentences, see e.g., Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000), those sentences do not arise from the guidelines, while departure sentences do. Nonetheless, relief may not be due where it can be shown that the trial court would have imposed the same 1995 guidelines departure sentence under the 1994 guidelines. Cf. Hines v. State, 587 So.2d 620, 621 (Fla. 2d DCA 1991), approved sub nom., State v. Mackey, 719 So.2d 284 (Fla.1998); Rubin v. State, 734 So.2d 1089, 1089 (Fla. 3d DCA 1999). We therefore reverse and remand for consideration of this point. We affirm the remainder of the trial court's order.
STONE, SHAHOOD and GROSS, JJ., concur.