PER CURIAM.
Gema Hartman (defendant) appeals from an order denying her motion to correct illegal sentence. She contends that her sentence is illegal upon the authority of Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse and remand for further proceedings.
The trial court denied the defendant’s motion on the basis that she committed the crime of grand theft in the first degree on May 12, 1998, which was outside the window period for raising a Heggs challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000)(window period for challenging the sentencing guidelines provisions amended in chapter 95-184, Laws of Florida, opened on October 1, 1995 and closed on May 24, 1997). However, the information in this case charged that the offense occurred “on or between November 1,1995 and July 15, 1998.” During trial, the prosecution orally amended the information to allege that the offense was committed on or between May 1, 1996 and June 1, 1998.
Section 921.001(4)(b)3., Florida Statutes (1995), provides that “[flelonies ... with continuing dates of enterprise shall be sentenced under the sentencing guidelines in effect on the beginning date of the criminal activity.” (Emphasis added). See also Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996). On appeal, the state correctly concedes that the beginning date of the defendant’s offense fell within the applicable window period for raising a Heggs challenge. Accordingly, we reverse the order denying defendant’s motion to correct illegal sentence and remand to the trial court for consideration as to whether the defendant is entitled to be resen-teneed.
Reversed and remanded for further proceedings.