PER CURIAM.
Ramon Eady seeks reversal of an order which denied his motion to correct an illegal sentence. We affirm in part and reverse in part.
We affirm the circuit court’s order with the exception of Eady’s claim that his sentence, entered under the 1995 sentencing guidelines, is erroneous under Heggs v. State, 759 So.2d 620 (Fla.2000). Because appellant’s offenses were committed between January 19, 1996 and February 1, 1996,- appellant falls within the Heggs window period. See Trapp v. State, 760 So.2d 924 (Fla.2000).
The trial court denied relief on the appellant’s Heggs claim because Eady’s sentence was a downward departure from the guidelines entered upon a no contest plea, and because the court reasoned that a downward departure pursuant to a plea agreement constituted a valid basis for departure under the 1994 sentencing guidelines. In reaching this conclusion, the tidal court relied upon Ray v. State, 772 So.2d 18 (Fla. 2d DCA 2000), wherein a defendant’s sentence was not vacated under Heggs because the sentence imposed constituted a valid upward departure under both the 1995 guidelines and the 1994 guidelines. Ray is distinguishable. In the instant case, by contrast, Eady’s sentence, although imposed as a downward departure under the 1995 guidelines, exceeded the maximum range under the 1994 sentencing guidelines.
Accordingly, the order is AFFIRMED in part, and REVERSED in part, and REMANDED for further proceedings on the claim made on the authority of Heggs v. State.
ALLEN, VAN NORTWICK and POLSTON, JJ., CONCUR.