791 So.2d 1137 (2001)
Adrian DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-202.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
Opinion on Certification of Conflict July 11, 2001.
Adrian Davis, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse and remand for a determination of whether it can be shown that the trial court would have imposed the same 1995 guidelines departure sentence under the 1994 guidelines. See Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000). If such showing cannot be made, then resentencing is required under Heggs v. State, 759 So.2d 620 (Fla.2000).
STEVENSON, GROSS and TAYLOR, JJ., concur.

ON MOTION FOR CERTIFICATION OF CONFLICT
PER CURIAM.
We grant appellee's motion for certification of conflict. In our original opinion, we *1138 reversed and remanded for a determination of whether it could be shown that the trial court would have imposed the same 1995 guidelines departure sentence under the 1994 guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000); Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000).
In Ray v. State, 772 So.2d 18 (Fla. 2d DCA 2000), and Kwil v. State, 768 So.2d 502 (Fla. 2d DCA 2000), the Second District found that the defendants were not adversely affected by the unconstitutional amendments to the sentencing guidelines because the records reflected that the trial courts imposed the upward departure sentences based on statutory factors that were equally valid under the 1994 and 1995 sentencing guidelines. The Second District, therefore, does not require a showing that the trial court would have imposed the departure sentence under the 1994 guidelines, but, instead, requires only a showing that the trial court could have imposed the same departure sentence. Thus, we certify conflict with both Ray and Kwil.
STEVENSON, GROSS and TAYLOR, JJ., concur.