STONE, J.,
dissenting.
I would affirm. It seems to me that the trial court, by denying Fletcher’s Heggs *627 motion to correct his sentence, has determined that on the facts of this case, Fletcher was not adversely affected by the sentencing judge’s failure to use the 1994 guidelines. In my judgment, any error in the trial court’s failure to attach portions of the record is harmless. There is no suggestion here that the 40-year sentence would be anywhere near the 1994 guideline range.

ON MOTION FOR CERTIFICATION OF CONFLICT

PER CURIAM.
We grant appellee’s motion for certification of conflict. In our original majority opinion, we reversed and remanded the trial court’s summary denial of appellant Alphonso Fletcher’s motion to correct illegal sentence for attachments of portions of the record refuting his challenges under Heggs v. State, 759 So.2d 620 (Fla.2000), or further consideration of his sentencing challenge, citing Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000). Fletcher v. State, 800 So.2d 626 (Fla. 4th DCA 2001).
Appellee requests that we certify conflict with Ray v. State, 772 So.2d 18 (Fla. 2d DCA 2000) and Kwil v. State, 768 So.2d 502 (Fla. 2d DCA 2000), and we do so in this opinion. See also Davis v. State, 791 So.2d 1137 (Fla. 4th DCA 2001)(certifying same conflict).
GUNTHER, STONE and FARMER, JJ., concur.