804 So.2d 359 (2001)
Jimmy Lee ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1543.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*360 Jimmy Lee Ross, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Jimmy Lee Ross, appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand.
Appellant pled guilty to aggravated battery and possession of a firearm by a convicted felon, and was sentenced to 15 years in prison for the aggravated battery and 10 years for the possession of a firearm. In his motion, appellant raised the following challenges: (1) use of a 1995 sentencing guidelines scoresheet based on Heggs v. State, 759 So.2d 620 (Fla.2000); (2) consecutive sentencing for two offenses which occurred during a single criminal episode; (3) violation of double jeopardy in separate convictions; and (4) illegal reasons given for departure from the sentencing guidelines.
We reverse the trial court's summary denial of relief on ground one since the trial court denied relief without consideration of a 1994 sentencing guidelines scoresheet. Appellant is entitled to consideration of his sentence under the 1994 scoresheet. However, if it can be shown that the trial court would have imposed the same guidelines departure under the 1994 scoresheet, then appellant may not be entitled to sentencing relief. See Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000).
We affirm the trial court's summary denial of appellant's challenges in grounds two, three and four of the motion. Appellant's consecutive sentences for two separate crimes were legal under section 775.021(4), Florida Statutes. Likewise, his double jeopardy challenge to his separate convictions is without merit. See Montgomery v. State, 704 So.2d 548 (Fla. 1st DCA 1997). His challenge to the legality of the reasons for the original guidelines departure is not appropriate for rule 3.800(a), and would be time-barred if his motion were considered under Florida Rule of Criminal Procedure 3.850.
We, therefore, reverse and remand for further consideration of appellant's Heggs challenge based on a 1994 guidelines scoresheet, but affirm as to the remainder of the trial court's order.
FARMER, STEVENSON and TAYLOR, JJ., concur.