797 So.2d 1252 (2001)
Ricky HOPE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96352.
Supreme Court of Florida.
October 4, 2001.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and David M. Schultz, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
We have for review Hope v. State, 736 So.2d 1256 (Fla. 4th DCA 1999), which expressly and directly conflicts with Maddox v. State, 760 So.2d 89 (Fla.2000), as to whether a sentencing error can be reviewed absent a contemporaneous objection. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Petitioner Ricky Hope was charged and convicted by a jury of an attempted first-degree murder that occurred on July 24, 1996. At the sentencing hearing, Hope's calculated sentencing guidelines scoresheet indicated an appropriate sentence of 100.5 to 167.5 months of incarceration. The trial court upwardly departed from the guidelines and sentenced petitioner to a prison term of thirty years, the statutory maximum for attempted first-degree murder. The trial court based its departure on three reasons: (1) Hope had an extensive *1253 unscoreable juvenile record; (2) the primary offense was scored at level seven or higher, and Hope was found guilty as a juvenile for a robbery with a deadly weapon offense which scored at a level eight or higher; and (3) Hope was not amenable to rehabilitation, as evidenced by an escalating pattern of criminal conduct. Hope objected to the departure.
On appeal, the Fourth District affirmed the upward departure sentence on the basis that "one of the reasons given by the trial court for departure is valid-i.e., that [Hope] is not amenable to rehabilitation as evidenced by an escalating pattern of criminal conduct." Hope, 736 So.2d at 1256. Relying on Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998), approved sub nom. Maddox v. State, 760 So.2d 89 (Fla.2000), the Fourth District also affirmed "the addition of thirty points for a prior serious felony to [Hope's] scoresheet because [Hope] failed to preserve this issue for appellate review." Hope, 736 So.2d at 1256.
On appeal to this Court, Hope claims that since his scoresheet was calculated under unconstitutional guidelines, the trial court's addition of thirty points for a prior serious felony constitutes fundamental error. See Heggs v. State, 759 So.2d 620 (Fla.2000) (holding chapter 95-184, Laws of Florida, unconstitutional as violative of single subject requirement of article III, section 6, Florida Constitution, and that imposition of sentence under amendments made by chapter 95-184 was error). Hope also claims that the trial court's reasons for the upward departure were invalid.
We have held that the challenge to the constitutionality of chapter 95-184 may be properly addressed for the first time on appeal despite the absence of a contemporaneous objection in the trial court. See Heggs, 759 So.2d at 623, 624 n. 4; see also Garcia v. State, 760 So.2d 931 (Fla.2000) ("Based on our decision in [Maddox], we determine that Garcia may properly raise a single subject rule challenge to chapter 95-184 ... for the first time on appeal."); Carson v. State, 760 So.2d 930 (Fla.2000) (same). As Hope's offense was committed on July 24, 1996, Hope has standing to raise a Heggs claim. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (extending the window period in which defendant could obtain relief for Heggs error from October 1, 1995, to May 24, 1997); Heggs, 759 So.2d at 627. Furthermore, it is clear that calculation of Hope's scoresheet under the 1994 guidelines results in a lower sentencing range than the range calculated under chapter 95-184. Therefore, in accordance with Heggs, we quash the Fourth District's affirmance of Hope's sentence. We remand to the Fourth District, as we agree with Hope that the departure sentence should be reconsidered after the recalculation of his scoresheet under the sentencing guidelines in effect prior to the date the unconstitutional amendments made by chapter 95-184 became effective.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.