806 So.2d 545 (2001)
Brenda DeMONIA, a/k/a Brenda Cook, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-18.
District Court of Appeal of Florida, Second District.
December 12, 2001.
James Marion Moorman, Public Defender, Bartow, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
*546 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Brenda DeMonia raises numerous challenges to her sentence, including a challenge under Heggs v. State, 759 So.2d 620 (Fla.2000). We remand for recalculation of DeMonia's departure sentence.
DeMonia was convicted of numerous offenses arising out of her fraudulent theft of funds from her employer. Using a 1995 sentencing guidelines scoresheet, the trial court sentenced DeMonia for second-degree felony grand theft to an upward departure sentence of ten years' incarceration. The court offered two reasons for departure. The first reason is contained in section 921.0016(n), Florida Statutes (1995), which allows the court to depart where the offense was committed by means of concealment, guile, or fraud to obtain money, the offense involved a high degree of sophistication, the defendant used position or status to facilitate commission of the offense, and the defendant had been involved in similar conduct in the past. Although the court offered, in addition to this valid reason, one invalid reason for departure, that erroneous reason does not invalidate the departure. See § 921.001(6), Fla. Stat. (Supp.1994).
However, because the trial court sentenced DeMonia using the now-unconstitutional 1995 guidelines, we must consider whether Heggs requires us to remand for recalculation of DeMonia's scoresheet under the 1994 guidelines.[1] Pursuant to Hope v. State, 797 So.2d 1252 (Fla. 2001), we remand for recalculation of DeMonia's departure sentence.
Remanded for recalculation.
BLUE, C.J., and THREADGILL, J., Concur.
NOTES
[1] The information specified that DeMonia committed the grand theft between December 1, 1996, and September 30, 1998. The Heggs window encompasses all offenses committed between October 1, 1995, and May 24, 1997. Trapp v. State, 760 So.2d 924 (Fla.2000). The fact that a portion of DeMonia's continuing offense fell outside of the window period is not fatal to Heggs review, however, since the beginning date of the offense did fall within the applicable window period. See Hartman v. State, 773 So.2d 1241 (Fla. 3d DCA 2000).