PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant’s crimes occurred within the window period established by Trapp v. State, 760 So.2d 924, 928 (Fla.2000), the appellant claims an entitlement to resen-tencing under Heggs v. State, 759 So.2d 620, 627 (Fla.2000). The sentence received by the appellant was an upward departure of the 1995 guidelines, supported by valid written reasons. In Hope v. State, 797 So.2d 1252 (Fla.2001), the Florida Supreme Court held that a valid departure sentence that was imposed pursuant to the 1995 guidelines should be reconsidered after the recalculation of the appellant’s scoresheet under the 1994 guidelines. We accordingly reverse and remand for reconsideration in accordance with Hope.
REVERSED AND REMANDED.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.