STONE, J.
We affirm an order summarily denying Appellant’s motion for post-conviction relief.
Appellant was convicted, as charged, on one ■ count of first-degree murder with a firearm and on another for attempted robbery with a firearm. She was sentenced on the first count to life in prison and on the second count to fifteen years, with a three-year mandatory minimum, consecutive to the life term. The latter is a sentence to the statutory maximum, an upward departure from the guidelines range. Her direct appeal was affirmed.
Subsequently Appellant filed a rule 3.850 motion for post-conviction relief, asserting fourteen grounds for relief. We agree with the trial court’s denial of all fourteen grounds, but write to address only the second part of her first ground for relief.
Appellant’s first ground challenged both of her sentences as being unconstitutional pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). We focus, on the second part, pertaining to her departure sentence for count I, the attempted robbery. She attached a copy of her sentencing guidelines scoresheet, which showed a range of 35.1 to 58.5 prison months for the offense of attempted robbery with a firearm, a second-degree felony.
The trial court, recognizing that Appellant fell within the window period for raising a Heggs challenge, ordered the Department of Corrections to prepare a new 1994 guidelines scoresheet and ordered the state to respond to the motion. The new scoresheet showed a guidelines sentencing range for the attempted robbery conviction of 11.1 to 18.5 state prison months. The scoresheet also revealed that the trial court’s upward departure sentence was based on the court’s recognition of Appellant’s contemporaneous conviction and sentence for a capital felony, a valid basis for an upward departure. See Bunney v. State, 603 So.2d 1270 (Fla.1992); Hinkle v. State, 737 So.2d 1152 (Fla. 2d DCA 1999).
In Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000), rev. granted, 791 So.2d 1101 (Fla.2001), this court noted, that an upward departure arises from the guidelines, and post-conviction relief is due on an otherwise proper Heggs claim, unless it can be shown that the trial court would have imposed the same upward departure under the 1994 guidelines. See also Ross *197 v. State, 804 So.2d 359 (Fla. 4th DCA 2001).
We do not address the perceived conflict between Lemon and Ray v. State, 772 So.2d 18 (Fla. 2d DCA 2000), rev. denied, 791 So.2d 1100 (Fla.2001), and Kwil v. State, 768 So.2d 502 (Fla. 2d DCA 2000), as we deem it clear, here, that it was the trial court’s intention to impose the maximum sentence on the second count. In its order denying post-conviction relief, the trial court recited the same reason and attached transcript support to the order. The transcript reflects that the trial court sentenced Appellant to the departure sentence of fifteen years in prison with a three-year mandatory minimum, consecutive to count I, with the reason for departure being the contemporaneous conviction of a capital felony. Although that portion of the transcript does not specifically state the intention of giving Appellant the maximum sentence possible, such an intent is patent under the facts of this case.
SHAHOOD and MAY, JJ., concur.