825 So.2d 927 (2002)
STATE of Florida, Petitioner,
v.
Gwenda Jean LEMON, Respondent.
No. SC00-2549.
Supreme Court of Florida.
June 6, 2002.
Rehearing Denied August 29, 2002.
*928 Robert A. Butterworth, Attorney General, Celia Terenzio, Assistant Attorney General, Bureau Chief, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Respondent.
PER CURIAM.
We have for review the decision in Lemon v. State, 769 So.2d 417 (Fla. 4th DCA 2000), which expressly and directly conflicts with the decisions in Ray v. State, 772 So.2d 18 (Fla. 2d DCA 2000), review denied, 791 So.2d 1100 (Fla.2001), and Kwil v. State, 768 So.2d 502 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set forth below, we quash the Fourth District's decision in Lemon and approve of the Second District's decisions in Ray and Kwil.

FACTUAL BACKGROUND
On June 18, 1997, Gwenda Jean Lemon entered guilty pleas to aggravated assault with a firearm (two counts); shooting into an occupied dwelling; and possession of a firearm by a convicted felon. A 1995 guidelines scoresheet was prepared, which reflected Lemon's sentencing range as 47.7 to 79.5 months' imprisonment. The trial court sentenced Lemon outside the guidelines to 96 months' imprisonment, with a three-year minimum mandatory sentence due to the use of a firearm. See § 775.087, Fla. Stat. (1995).[1] The trial court gave two written reasons for its upward departure sentence: "offense created substantial risk of death or great bodily harm to many persons or to one or more small children," and "victim was physically attacked by the defendant in the presence of one or more members of the victim's family."
On March 21, 2000, Lemon filed a motion to correct illegal sentence pursuant to *929 Florida Rule of Criminal Procedure 3.800(a), alleging that she was entitled to be resentenced under the 1994 sentencing guidelines pursuant to this Court's ruling in Heggs v. State, 759 So.2d 620 (Fla.2000), invalidating the 1995 guidelines. Lemon asserted that the 1994 guidelines that should have been used in her case mandated a sentencing range of only 31.5 to 52.5 months' imprisonment, a range much lower than that under the 1995 law. On April 25, 2000, the trial court denied Lemon's 3.800 motion. Lemon appealed the trial court's denial of her 3.800 motion and the Fourth District reversed and remanded the case to the trial court for a determination of whether the same departure sentence would have been imposed if the more lenient 1994 guidelines had been utilized. See Lemon, 769 So.2d at 418.[2]

ANALYSIS
In Heggs v. State, 759 So.2d 620, 627 (Fla.2000), we invalidated certain revisions of the sentencing guidelines enacted in 1995. We also acknowledged that our decision in that case would require only the resentencing of those persons who were adversely affected by application of the 1995 guidelines as amended by chapter 95-184, Laws of Florida:
[O]nly those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
759 So.2d at 627 (emphasis added). Of course, in Heggs, we were dealing with a sentence within the guidelines, rather than a departure sentence.
The Second District has interpreted our holding and reasoning in Heggs to mean that a defendant would not be "adversely affected" by the application of the 1995 guidelines law in a sentencing proceeding so long as the departure sentence was based on departure reasons that would be valid under both the 1994 and the 1995 guidelines. In Ray, the Second District explained:
In a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.800, Ray alleged that he should be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied Ray's motion because it found that Ray was given a departure sentence based on statutory aggravating factors which were equally valid under the 1994 and 1995 guidelines. We affirm the departure sentence imposed because Ray was not "adversely affected by the amendments made by chapter 95-184." Id.

772 So.2d at 18. Similarly, in Kwil, the Second District held:
Michael E. Kwil challenges the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Kwil contends that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620, 627 (Fla.2000), which declared the amendments made to the sentencing guidelines by chapter 95-184, Laws of Florida, unconstitutional. However, the record reflects that the trial court sentenced Kwil to an upward departure sentence based on three statutory *930 factors that are equally valid under the 1994 and 1995 sentencing guidelines. Therefore, because Kwil was not adversely affected by the unconstitutional amendments to the sentencing guidelines, he is not entitled to relief. Id.

768 So.2d at 502. Hence, Ray and Kwil hold that even though a defendant may have been entitled to be sentenced under the 1994 guidelines rather than the 1995 amendments invalidated in Heggs, a defendant sentenced outside the guidelines is not adversely affected if the reasons invoked for going outside the guidelines would be valid under both the 1994 and 1995 laws.
However, the Fourth District has interpreted our definition of "adversely affected" in Heggs when applied to a sentence outside the guidelines as being based on whether the trial court would have initially sentenced a defendant to a departure sentence if it had seen a 1994 scoresheet, instead of a 1995 scoresheet. In Lemon, the Fourth District stated:
We reject the state's argument that because the departure sentence could have been imposed even if the 1994 guidelines had been used, appellant is not entitled to relief. Although this reasoning has been applied to habitual offender sentences, see, e.g., Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000), those sentences do not arise from the guidelines, while departure sentences do. Nonetheless, relief may not be due where it can be shown that the trial court would have imposed the same 1995 guidelines departure sentence under the 1994 guidelines. Cf. Hines v. State, 587 So.2d 620, 621 (Fla. 2d DCA 1991), approved sub nom., State v. Mackey, 719 So.2d 284 (Fla.1998); Rubin v. State, 734 So.2d 1089, 1089 (Fla. 3d DCA 1999). We therefore reverse and remand for consideration of this point.
769 So.2d at 418. We agree with the Second District's analysis in Ray and Kwil, and disapprove of the analysis in Lemon. In other words, we agree that our definition of "adversely affected" in Heggs may be applied to departure sentences as well as guideline sentences.[3]
By remanding this case for the trial court to rule on what it would have done, the Fourth District is effectively asking the trial court for a factual determination of how persuasive the scoresheet was in determining the defendant's upward departure. Our intention in Heggs was not to require trial courts to apply a subjective hindsight analysis. We therefore find that the Second District's decisions in Ray and Kwil comport with our reasoning in Heggs regarding which defendants were "adversely affected" by chapter 95-184. See State v. Mackey, 719 So.2d 284, 285 (Fla. 1998) ("[I]t is undoubtedly important for the trial court to have the benefit of a properly calculated scoresheet when making a sentencing decision. However, it does not necessarily follow that all cases involving scoresheet errors must be automatically reversed for resentencing.").[4]
*931 In this case, we conclude Lemon was not "adversely affected" by application of the 1995 guidelines because her sentence of 96 months was an upward departure sentence that could have been imposed under either the 1994 or the 1995 guidelines.[5] The statutory aggravating circumstances cited by the trial court in this case were valid under both the 1994 and the 1995 sentencing guidelines scoresheet. See § 921.0016(3)(i), (m), Fla. Stat. (1995); § 921.0016(3)(i), (m), Fla. Stat. (1993). Hence, because Lemon was not adversely affected by the amendments made in chapter 95-184, she is not entitled to Heggs relief.
Accordingly, we quash the Fourth District's decision in Lemon, and approve of the Second District's holdings in Ray and Kwil.
It is so ordered.
WELLS, C.J., and HARDING, LEWIS, and QUINCE, JJ., concur.
SHAW, J., dissents with an opinion, in which PARIENTE, J., concurs.
ANSTEAD, J., dissents with an opinion.
SHAW, J., dissenting.
This Court in Heggs v. State, 759 So.2d 620 (Fla.2000), held that chapter 95-184, Laws of Florida, which amended portions of the 1995 sentencing guidelines, violated the single-subject rule of article III, section 6, Florida Constitution, and was void. The Court explained the consequences of its decision:
We realize that our decision here will require, among other things, the resentencing of a number of persons who were sentenced under the 1995 guidelines, as amended by chapter 95-184. However, only those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
Heggs, 759 So.2d at 627 (emphasis added).
With regard to departure sentences, the present majority opinion construes the above passage thusly: anyone who was given a departure sentence under the 1995 guidelines was not "adversely affected" by the error if the court "could have" imposed the same departure sentence under the 1994 guidelines. I disagree. The issue of departure sentences was not raised in Heggs and the Court, in my opinion, did not address that issue in the above passage.

I. DEPARTURE SENTENCES
A court may depart from the sentencing guidelines by imposing either an upward or downward departure sentence.[6] Before imposing an upward departure *932 sentence, a court first must conclude that the maximum sentence permitted under the guidelines for that particular offense is inadequate in light of "aggravating circumstances" surrounding the offense.[7] The court then must decide upon the appropriate length of a departure term that will redress the aggravation.[8] An upward departure sentence thus consists of two parts: a "guidelines maximum term," plus a "departure term."
Under chapters 775 and 921, Florida Statutes, the statutory maximum terms for criminal offenses[9] and the permissible grounds for departure[10] remained virtually unchanged during 1994 and 1995. Further, the extent of a departure from the sentencing guidelines is not subject to appellate review.[11] Thus, virtually any departure sentence that was imposed under the invalid 1995 guidelines "could have" been imposed under the 1994 guidelines.
The rule of Heggs, i.e., that a 1995 guidelines sentence will be upheld if it "could have" been imposed under the 1994 guidelines, is sound when applied to a nondeparture sentence. If the sentencing court used the invalid 1995 guidelines in calculating such a sentence, the sentence will not have been impermissibly affected by the error as long as the overall sentence falls within the 1994 permitted range for that crime. Such a sentence "could have" been imposed under the 1994 guidelines and any allegation that the defendant was prejudiced by the error is speculative.
The same rule, however, is unsound when applied to an upward departure sentence. As explained above, an upward departure sentence consists of a guidelines maximum term plus a departure term. If the 1995 guidelines maximum term for a pending offense exceeded the 1994 maximum term and if the court used the invalid 1995 maximum term when computing the sentence, then the overall sentence will have been improperly increased.

II. THE PRESENT CASE
In the present case, the permitted sentencing range for Lemon under the 1995 guidelines was 47.7 to 79.5 months' imprisonment. The court imposed a sentence of 96 months, which amounts to an upward departure of 16.5 months. Had Lemon been sentenced under the 1994 guidelines, as required by Heggs, the permitted range would have been 31.5 to 52.5 months. A 16.5 month upward departure from that range would have yielded a sentence of 69 months. This amounts to a 27-month (i.e., a two and one-quarter year) reduction from the sentence Lemon received by use of the invalid 1995 guidelines. To say that Lemon was not "adversely affected" by use of the 1995 guidelines thus strains credulity.
I would approve in part and quash in part the district court decision below on this issue. Instead of remanding for a harmless error determination, I would treat this case as any other Heggs violation and remand for resentencing under the correct version of the guidelines.[12] Furthermore, *933 if the trial court again opts to depart, I would limit the extent of the departure term to the 16.5 months that the court already has decided is a proper departure. In other words, the maximum term of imprisonment on resentencing would be 69 months.

III. CONCLUSION
Simply put, the majority opinion cannot have Heggs both ways. Either the 1995 guidelines are invalid under the single-subject rule or they are not invalid. They cannot be invalid for some purposes (i.e., for calculating guidelines sentences) but valid for others (i.e., for calculating departure sentences). If the Due Process Clause means anything at all, it means that a woman cannot be imprisoned for two and one-quarter years under a law that was declared invalid ab initio by this Court.
PARIENTE, J., concurs.
ANSTEAD, J., dissenting.
While it is true that we appear to have adopted a per se harmlessness rule in Heggs as to sentences that could have been imposed under the proper guidelines, we explicitly excepted departure sentences from that decision. The adoption of any per se harmlessness rule constitutes a departure from our usual practice and is questionable at best. I can see no justification for any further deviation from our established policy, especially when that deviation is contrary to our own explicit precedent.[13]
More importantly, in Hope v. State, 797 So.2d 1252 (Fla.2001), we remanded a Heggs claim for reconsideration under circumstances almost identical to those presented here. Recently, both the First and Second District Courts have followed our holding in Hope and have remanded Heggs claims for recalculation of departure sentences, the same relief sought here. See Fleming v. State, 808 So.2d 287 (Fla. 1st DCA 2002); DeMonia v. State, 806 So.2d 545 (Fla. 2d DCA 2001). As noted in Fleming: "In Hope v. State, 797 So.2d 1252 (Fla.2001), the Florida Supreme Court held that a valid departure sentence that was imposed pursuant to the 1995 guidelines should be reconsidered after the recalculation of the appellant's scoresheet under the 1994 guidelines." 808 So.2d at 287. Today's decision is directly in conflict with Hope and the district court decisions following Hope.
This case presents the same issue involved in Hope, Fleming, and DeMonia. Accordingly, I would follow the holdings in those cases.
NOTES
[1] The trial court ordered Lemon's sentence in this case to run concurrent to her sentences in other cases and that all counts in the instant case were to run concurrent to each other.
[2] We note that subsequent to the opinion in Lemon, the Fourth District has certified conflict with both Ray and Kwil. See Davis v. State, 791 So.2d 1137, 1138 (Fla. 4th DCA 2001).
[3] Webster's Dictionary defines "can" (present tense of "could") as "to be able to do, make, or accomplish." Merriam Webster's Collegiate Dictionary 165 (10th ed.1999). It defines "would" as "wished, desired." Id. at 1365.
[4] Our holding in Hope v. State, 797 So.2d 1252 (Fla.2001), does not affect this case. In Hope, we stated a Heggs claim may be addressed for the first time on appeal and we remanded Hope's case to the Fourth District for reconsideration of the departure sentence "after the recalculation of his scoresheet under the [1994] sentencing guidelines." Id. at 1253. In that case, the trial court gave three reasons for its upward departure from the 1995 guidelines. See id. at 1252-53. On appeal, the Fourth District affirmed the departure, stating that "one of the reasons" was valid. See id. at 1253. The Fourth District also affirmed the addition of thirty points to Hope's scoresheet for a prior serious felony (which was not available on the 1994 scoresheet) because it found that Hope did not preserve that issue for review. See id. Essentially, this Court remanded Hope to the Fourth District to review whether all of the trial court's departure reasons were valid and to make a determination about Hope's Heggs claim, as it was properly raised on appeal. We did not remand Hope for a determination regarding whether the trial court "would" have imposed the same departure sentence if it had seen a 1994 scoresheet.
[5] The sufficiency of the evidence supporting the trial court's upward departure reasons is not challenged in this proceeding.
[6] See Fla. R.Crim. P. 3.990(a) (1994).
[7] See generally § 921.001(6), Fla. Stat. (Supp. 1994); see also Fla. R.Crim. P. 3.702(d)(18) (1994); § 921.0016(3), (4), Fla. Stat. (1993).
[8] See generally § 921.0016, Fla. Stat. (1993).
[9] See § 775.082, Fla. Stat. (1995); § 775.082, Fla. Stat. (1993).
[10] See § 921.0016, Fla. Stat. (1995); § 921.0016, Fla. Stat. (1993).
[11] See, e.g., § 921.001(5), Fla. Stat. (Supp. 1994).
[12] See, e.g., Latiif v. State, 787 So.2d 834, 836 (Fla.2001) ("Generally, the relief granted to those entitled to it under Heggs is automatic resentencing under the guidelines in effect prior to the 1995 guidelines.").
[13] In Hines v. State, 587 So.2d 620 (Fla. 2d DCA 1991), the Second District applied our traditional harmless error rule in approving a departure sentence while acknowledging trial court error in computation of the sentencing scoresheet. Subsequently, in State v. Mackey, 719 So.2d 284 (Fla.1998), we appear lo have approved the Hines analysis.