ALTENBERND, Chief Judge.
Cletus Durant Squires appeals the denial of his motion to correct an incorrect calculation on his sentencing guidelines scoresheet pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm based on the supreme court’s decision in State v. Lemon, 825 So.2d 927 (Fla.2002).
The State charged Mr. Squires with six offenses, including armed burglary of a dwelling, aggravated battery with a deadly weapon, and felon in possession of a firearm. The offenses occurred in November 1997 and were subject to sentencing under the 1995 guidelines.
On January 13, 1998, Mr. Squires entered an open plea of nolo contendere at a time when the State intended to treat him as a habitual offender. At the plea hearing, the scoresheet presented by the State contained no points for the use of the firearm and allowed a guidelines sentence between 6.9 and 11.4 years.
Mr. Squires was sentenced two months later. At this hearing, the State provided a scoresheet containing eighteen points for use of a firearm, which allowed a guidelines sentence between 8.2 and 13.7 years. No one objected to these additional points. At this hearing, the State conceded that Mr. Squires was not eligible for a habitual offender sentence. Mr. Squires argued for a downward departure sentence, and the State argued for an upward departure. Several witnesses testified. The trial court then sentenced Mr. Squires to an upward departure sentence of 15 years’ imprisonment oh each of the three above-referenced offenses. Mr. Squires did not appeal his sentences.
In 2004, Mr. Squires first challenged his sentences by filing a motion to correct his scoresheet. In his motion, he argues that he is entitled to be resentenced due to a facial scoresheet error, even though he received an upward departure sentence. *601 We disagree.[1]
In Lemon, 825 So.2d 927, the supreme court considered a similar case involving a Heggs issue. See Heggs v. State, 759 So.2d 620 (Fla.2000). Ms. Lemon had been given an upward departure sentence under a 1995 guidelines scoresheet, when the 1994 guidelines scoresheet would have been somewhat lower. The court held that Ms. Lemon was not adversely affected by the scoresheet error because the reasons for going outside the guidelines were valid under either scoresheet. Lemon, 825 So.2d at 931.
The same is true in this case. Mr. Squires’ scoresheet may contain an incorrect calculation, but the reasons for his upward departure sentence are correct and his sentence is a legal sentence.[2]
We distinguish this case from Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999), in which the defendant challenged a downward departure sentence under Florida Rule of Criminal Procedure 3.850, alleging that his attorney had been ineffective in allowing the State to use a scoresheet containing errors. Mr. Richie theorized that his downward departure would have been even lower had his attorney represented him effectively. He did not argue that his sentence was defective as a matter of law.
This court has employed the “would-have-been-imposed” standard to require resentencing when a scoresheet error exists on a 1994 or 1995 scoresheet and the defendant received a sentence within the guidelines. See Anderson v. State, 865 So.2d 640 (Fla. 2d DCA 2004). We decline to extend that test for use in cases where the defendant is not adversely affected by a scoresheet error because his sentence is a valid upward departure.
Affirmed.
STRINGER and CASANUEVA, JJ., concur.

. We assume, without deciding, that Mr. Squires' scoresheet was eighteen points higher than it should have been. See Fla. R.Crim. P. 3.703(d)(19). The points for use of a firearm were improper so long as burglary was listed as the primary offense. Whether these points could have been included if another offense had been used as the primary offense, and whether the total points on such score-sheet would have been similar, is a matter that we have not analyzed.

. Even on direct appeal, the extent of an upward departure has never been an appeal-able issue. See § 921.0016(2), Fla. Stat. (1997).