PER CURIAM.
Appellant appeals his sentence entered after resentencing pursuant to the 1994 sentencing guidelines, alleging that the trial court scored 40 points for severe victim injury without a jury finding, and made an upward departure based in part on three grounds found by the trial court and not the jury in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Additionally, appellant argues that the fourth reason for departure is facially invalid. Because the State concedes error regarding the upward departure, we reverse appellant’s sentence and remand for resentencing.
Appellant was convicted on May 14,1997 of aggravated battery by causing great bodily harm, permanent disability, or permanent disfigurement (count one), shooting within a dwelling (count two), and false imprisonment (count three). Appellant was resentenced after a hearing held on April 3, 2003.[1] The scoresheet included 40 points for severe victim injury, resulting in a range of 55.5 months to 92.5 months. The trial court made an upward departure and provided the following written reasons:
Offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
Victim suffered ... permanent physical injury.
Offense committed in order to prevent or avoid arrest, to impede or prevent *903 prosecution for the conduct underlying the arrest, or to effect an escape from custody.
Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense that scored, or would have scored, at an offense level 8 or higher.
The trial court imposed a prison term of 20 years, consisting of consecutive terms of ten years for the first count, and five years each for counts two and three.
Because Apprendi was decided prior to appellant’s resentencing, appellant brings this appeal pursuant to Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005) (providing that Apprendi applies where an appellant is resentenced subsequent to that decision), review pending, No. SC05-2047 (Fla. filed Oct. 31, 2005). But see, e.g., Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005) (certifying conflict with Isaac), review pending, No. SC05-1341 (Fla. filed July 29, 2005).
Appellant first argues that the jury did not find “severe victim injury,” and therefore, the trial court erred in scoring 40 points on this basis. Although the jury must make a finding of severe victim injury pursuant to Apprendi[2], in this case severe victim injury was found by the jury when it convicted appellant of aggravated battery by causing great bodily harm, permanent disability, or permanent disfigurement. Cf. Arrowood v. State, 843 So.2d 940, 941 (Fla. 1st DCA 2003) (stating, “[t]he jury’s findings of DUI manslaughter and DUI serious bodily injuries support the imposition of the death and severe victim injury points”). Accordingly, the trial court’s assessment of 40 points for severe victim injury was not error in this case.
Appellant also argues that the first three grounds for upward departure entered by the trial court were found by the trial judge and not the jury in violation of Apprendi and also that the fourth ground is invalid on its face, as appellant does not have any present or prior convictions at level 8 or higher. The State concedes error on all four grounds relating to the upward departure. Because of this concession, we reverse appellant’s sentence and remand for resentencing.
REVERSED and REMANDED with directions.
BENTON, POLSTON, and THOMAS, JJ., concur.

. Appellant's original departure sentence was reconsidered after a recalculation of the scoresheet under the 1994 guidelines pursuant to Hope v. State, 797 So.2d 1252 (Fla.2001). Fleming v. State, 808 So.2d 287 (Fla.1st DCA 2002).

. See Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005) (applying the ruling in Apprendi to a trial court’s assessment of victim injury points).