BENTON, C.J.,
dissenting.
The last time this case was before us— noting the state conceded error as to all four grounds cited for upward departure— we reversed and remanded for resentenc-ing, without considering any question of harmless error. See Fleming v. State, — So.3d —, 2006 WL 1041164 (Fla. 1st DCA 2006). In his initial brief, filed with this court on October 18, 2005, Mr. Fleming argued that the failure to submit for the jury’s determination any factual allegation pertinent to a sentencing factor required resentencing, and that errors of this kind were not subject to harmless error analysis. In its answer brief, filed on February 9, 2006, the state agreed that one reason the sentencing court gave for departure reflected a mistake of law and that the other three departure grounds were all based on facts found by the trial court and not the jury. The state did not argue that the failure to submit to the jury factual questions pertinent to sentencing factors was harmless error.
On June 26, 2006, the United States Supreme Court held that “[fjailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error” and is subject to harmless-error analysis. Washington v. Recuenco, 548 U.S. 212, 221-22, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). Following suit, the Florida Supreme Court likewise held, in Galindez v. State, 955 So.2d 517, 521-22 (Fla.2007), that harmless error analysis was appropriate in such circumstances.
Our supreme court issued an order on February 11, 2009, specifically directing the parties in the present case not to address the issue of whether any sentencing factor allegedly found in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or both, was harmless beyond a reasonable doubt under Galindez. See State v. Fleming, 4 So.3d 677 (Fla.2009).[1] The court later explained that it disallowed briefing on harmless error so that it would clearly have jurisdiction to resolve the conflict in the district courts on the question of whether Apprendi and Blakely apply to resentencing proceedings held after Ap-prendi issued where the resentencing was not final when Blakely issued. See State v. Fleming, 61 So.3d 399, 408-09 (Fla.2011).
Because the only briefs filed in this court antedate the decisions in Recuenco and Galindez, fundamental fairness and the Sixth Amendment dictate that Mr. *291 Fleming should be afforded the opportunity to be heard through counsel on the question of whether the failure to apply Apprendi and Blakely was harmless. Accordingly, the court should issue an order granting Mr. Fleming leave to submit a supplemental brief addressing the question of harmless error before acting. On this procedural ground, I respectfully dissent from today’s decision.

. The order read:
In our order of January 9, 2008 (which the present order supersedes and replaces as to briefing), we specifically directed the parties to address the issue of whether any sentencing factor alleged to violate Appren-di and/or Blakely is harmless beyond a reasonable doubt under Galindez v. State, 955 So.2d 517 (Fla.2007). However, upon further consideration, the parties are specifically directed to not address this issue.
State v. Fleming, 4 So.3d 677 (Fla.2009).