DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE ANGEL MALDONADO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1396

[November 17, 2021]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 431996CF000135A.

Jose Angel Maldonado, Indiantown, pro se.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Jose Maldonado appeals the trial court's order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). He asserts that he is entitled to a new sentencing hearing using the 1994 sentencing guidelines pursuant to the Florida Supreme Court's decision in *Heggs v. State*, 759 So. 2d 620 (Fla. 2000). The State counters that Maldonado is not entitled to resentencing because the trial court's reasons for its upward departure were valid under both the 1994 and 1995 guidelines. We agree with the State and affirm the denial of Maldonado's motion for the reasons stated below. We also affirm without comment all other claims raised in his motion.

In 1996, Maldonado entered a no-contest plea to attempted first-degree murder and burglary of a structure while armed. A scoresheet was prepared pursuant to the 1995 sentencing guidelines, which reflected his sentencing range as 124.2 to 207 months in prison. However, the trial court sentenced him outside the guidelines to 480 months in prison, providing two written reasons for its upward departure: "(1) the victim was especially vulnerable due to age and physical or mental disability, [and] (2)

the victim suffered extraordinary physical and/or emotional trauma and permanent physical injury or was treated with particular cruelty."

Maldonado argues that the 1995 guidelines were invalidated by *Heggs*, and that the 1994 guidelines should have been used, which provided for a sentencing range of only 103.65 to 172.75 months in prison. The trial court denied Maldonado's motion.

The standard of review from the denial of a rule 3.800(a) motion to correct illegal sentence is de novo. *Jimenez v. State*, 265 So. 3d 462, 476 n.10 (Fla. 2018).

In *Heggs*, the Florida Supreme Court invalidated certain provisions of the 1995 sentencing guidelines. 759 So. 2d at 627. The Court acknowledged that its decision would only require the resentencing of defendants who were "adversely affected" by the application of the 1995 guidelines, as amended by Chapter 95-184. *See id.* "[I]f a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here." *Id.* The Second District interpreted *Heggs* to hold that a defendant was not "adversely affected" by application of the 1995 guidelines if the departure sentence was based on departure reasons valid under both the 1994 and 1995 guidelines. *See Ray v. State*, 772 So. 2d 18, 18 (Fla. 2d DCA 2000); *Kwil v. State*, 768 So. 2d 502, 502 (Fla. 2d DCA 2000).

In *State v. Lemon*, 825 So. 2d 927, 930 (Fla. 2002), the Florida Supreme Court approved the Second District's holding in *Ray* that the limitation of *Heggs* to "adversely affected" defendants applied to departure sentences as well as guideline sentences. In *Lemon*, the trial court sentenced Lemon outside the 1995 guidelines and "gave two written reasons for its upward departure sentence: 'offense created substantial risk of death or great bodily harm to many persons or to one or more small children,' and 'victim was physically attacked by [Lemon] in the presence of one or more members of the victim's family.'" *Id.* at 928.

In her motion to correct illegal sentence, Lemon made the same argument as Maldonado does here: that under *Heggs* she was entitled to be resentenced under the 1994 guidelines. *See id.* at 928–29. The Florida Supreme Court disagreed and concluded that Lemon was not "adversely affected" by application of the 1995 guidelines because her sentence was an upward departure that could have been imposed under either the 1994 or 1995 guidelines. *Id.* at 931. The Court explained that the statutory aggravated circumstances cited by the trial court were valid under both

the 1994 and 1995 guidelines, and thus, Lemon was not "adversely affected" by the 1995 guidelines and not entitled to relief under *Heggs*. *See id.*

Here, like *Lemon* and *Ray*, the trial court sentenced Maldonado outside of the guidelines for multiple departure reasons: "(1) the victim was especially vulnerable due to age and physical or mental disability, [and] (2) the victim suffered extraordinary physical and/or emotional trauma and permanent physical injury or was treated with particular cruelty." First, a victim's vulnerability was a valid basis for departure under both the 1994 and 1995 guidelines. *See* § 921.0016(3)(j), Fla. Stat. (1993) (departure from sentencing guidelines is justified where "[t]he victim was especially vulnerable due to age or physical or mental disability").

Additionally, a victim's suffering of extraordinary trauma, permanent physical injury, and the cruelty of the crime were likewise valid departure grounds under both the 1994 and 1995 guidelines. *See* § 921.0016(3)(*l*), Fla. Stat. (1993) (departure from sentencing guidelines is justified where "[t]he victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty").

Thus, Maldonado was not "adversely affected" by the application of the 1995 guidelines at his sentencing because the trial court imposed an upward departure sentence based on statutory aggravating circumstances that were valid under both the 1994 and 1995 sentencing guidelines. *See Lemon*, 825 So. 2d at 931. As a result, Maldonado is not entitled to resentencing pursuant to *Heggs*.

*Affirmed.*

LEVINE and FORST, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

3