COBB, Judge.
In this appeal, the defendant argues that a departure sentence imposed by the trial court was improper. We agree.
James B. Rooney entered into a plea agreement in Case Number 91-16042 and then entered into a separate presentencing release agreement which he subsequently violated giving rise to Case Number 92-7018. At issue here is the trial court’s departure sentence in Case Number 91-16042. The court listed violation of the release agreement (new crimes and contact with victim) and threats against a witness as grounds for departure. The state does not maintain that a Quarterman[1] agreement was in effect but instead contends that the plea agreement itself contained conditions which served as a basis for departure.
A close reading of the transcript of the plea hearing demonstrates that the release was clearly not part of the plea agreement and the conditions such as no victim contact and no “other crimes” were also not part of the plea agreement. The handwritten conditions contained in the plea agreement were only to apply as additional conditions of release if that was ordered by the court. Since the release was not made part of the plea *244 agreement, neither were the applicable conditions.
It is elementary that a plea agreement may serve as a basis for departure if conditions were not imposed after the plea had been accepted but rather, were accepted as an integral part of the plea bargain itself. Quarterman at 1382. See also Smith v. State, 530 So.2d 304, 305 (Fla.1988); Fulton v. State, 629 So.2d 326 (Fla. 5th DCA 1994). As indicated above, the conditions in question here clearly came after the plea had been accepted.
We also note that the second reason utilized by the trial court for departure was improper since “threats against the witness” was already calculated into Rooney’s score-sheet. Hernandez v. State, 575 So.2d 640 (Fla.1991); Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985).
Finally, we find no merit in Rooney’s argument concerning restitution. Accordingly, the departure sentence in Case Number 91-16042 is reversed and the cause remanded to the trial court for resentencing based on a corrected scoresheet.[2]
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988).

. Both Rooney and the state question the accuracy of the scoresheet. The court will have an opportunity to revisit this upon resentencing.