736 So.2d 706 (1999)
Chris VALENTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2343.
District Court of Appeal of Florida, Fifth District.
May 28, 1999.
*707 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Valentine appeals from his upward departure sentence of five years in prison for burglary of a structure.[1] He was also sentenced to time served for carrying a concealed weapon,[2] and fifteen years probation for escape.[3] The reason given for imposing a departure sentence was that Valentine had violated a condition of his release by not appearing for sentencing. Since the release agreement was not an integral part of the plea agreement into which Valentine entered, we vacate the sentence and remand for resentencing.
In this case, the state filed an information in 1989 against Valentine charging him with crimes arising out of an incident which took place April 29, 1989. While intoxicated, Valentine broke into an unoccupied restaurant and stole potato chips and a knife. Later, after being placed in a police car, he escaped while the officer was obtaining the statements of witnesses. In July of 1989, Valentine agreed to plea no contest to carrying a concealed weapon and escape, and to burglary of a structure. The state nolle prossed a petit theft count, and agreed Valentine should receive a sentence of two years on probation, if his sentencing point score fell within the first cell, and greater sanctions based on a guidelines range, if his score was higher. At that point, Valentine's score apparently equated to a nonprison sanction. The court accepted Valentine's plea, ordered a PSI, and set a later date for sentencing.
Defense counsel asked the judge to release Valentine, who had by then served three months in jail. The court asked Valentine whether he would be willing to sign an agreement that if he did not appear for sentencing the court would have the authority to sentence him to the maximum penalty provided by law. Valentine agreed, "yes, sir."
Valentine signed an agreement titled "Memorandum of Agreement," which provided he would be released on a $5,000 signature bond. It further provided:
I understand and agree that if I fail to appear for sentencing on September 7, 1989 at 8:30 a.m., at the Melbourne Branch Courthouse, I will have breached my plea agreement and I can be sentenced to the maximum sentence provided by law for the crime(s) to which I have pled. Defendant agrees to upward departure.
Valentine did not appear for sentencing in 1989. In fact, he returned to Germany, the country in which he was born and had spent most of his life. On re-entering the United States in 1998, he was arrested and brought before the court for sentencing in the 1989 case. His sentencing scoresheet totaled 49 points, which as noted above, equates to a nonstate prison sanction under the guidelines. He explained at the sentencing hearing that he had not understood English well at the time of his entering into the plea and release agreement. And he had sincerely believed he was free to leave the country after his plea bargain involving no further jail time had been accepted.
In Quarterman v. State, 527 So.2d 1380 (Fla.1988), the court held that if a defendant and a trial judge agree in court, as an *708 integral part of the defendant's plea agreement, that the defendant's failure to appear at the sentencing hearing will have as its consequence the imposition of a departure sentence, that agreement is binding and may serve as the basis for a departure sentence. However, in that case, the court distinguished cases where the condition of release and its consequence upon a breach, was not agreed to until after the plea bargain was accepted. Id. at 1382. See also Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986). In such cases, departure is not warranted.
In Rooney v. State, 651 So.2d 243 (Fla. 5th DCA 1995), this court held that a departure sentence was not warranted in a case where the condition to return for sentencing was not agreed to until after the plea agreement had been made and accepted. Judge Cobb, writing for this court, held:
A close reading of the transcript of the plea hearing demonstrates that the release was clearly not part of the plea agreement and the conditions such as no victim contact and no other crimes were also not part of the plea agreement....Since the release was not made part of the plea agreement, neither were the applicable conditions.
651 So.2d at 243, 244.
The state argues that the departure sentence should be affirmed based on Briggs v. State, 682 So.2d 1151 (Fla. 5th DCA 1996). We disagree. In Briggs, the defendant's acceptance of the plea agreement turned on the court granting Briggs a release prior to sentencing. The plea bargain was not final or complete until the release agreement was worked out. It was therefore an integral part of the plea bargain and the plea agreement itself. In contrast, in this case, the release agreement was brought forward for discussion after the plea agreement with all of its conditions had been fully negotiated and accepted.
Accordingly, we reverse the departure sentences and remand for imposition of a guidelines sentence in accordance with the plea bargain.
AFFIRMED in part; REVERSED in part and REMANDED.
THOMPSON, J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] § 810.02, Fla. Stat. (1989).
[2] § 790.01, Fla. Stat. (1989).
[3] § 944.40, Fla. Stat. (1997).