932 So.2d 530 (2006)
Ricardo CORRIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1293.
District Court of Appeal of Florida, Third District.
June 21, 2006.
*531 Ricardo Corria, in proper person.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
The defendant was charged with trafficking in cocaine (400 grams to 2 kilos) and conspiracy to traffic in cocaine (400 grams to 2 kilos). On September 1, 1998, the defendant entered into a negotiated plea with the State, which was memorialized in a written "Plea Agreement" and signed by the defendant, his trial attorney, and the assistant state attorney. Pursuant to this plea agreement, the State agreed to waive the fifteen-year minimum mandatory sentence, and to sentence the defendant pursuant to the agreement, provided the defendant complied with the terms and conditions specified. Paragraph (12) of the Agreement provided that:
If the defendant does not successfully comply with all of the terms and conditions of this agreement then the State of Florida will not waive the statutory minimum mandatory sentence and the defendant shall be sentenced to fifteen (15) years in the State Prison.
Additionally, paragraph (13) of the Agreement provided that:
If the defendant does not respond after proper notice to the sentencing in this matter then the State of Florida will not waive the statutory minimum mandatory sentence and the defendant shall be sentenced to the statutory maximum sentence which shall be thirty (30) years in the State Prison with a fifteen (15) year minimum mandatory sentence.
On March 16, 1999, the trial court found that the defendant failed to comply with the terms and conditions of the plea agreement *532 and sentenced the defendant to fifteen years with a fifteen-year minimum mandatory. On February 16, 2000, this court affirmed the judgment and sentence on direct appeal.
On August 6, 2001, the defendant filed a motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, which was denied on September 5, 2001. Thereafter, the defendant filed another motion for postconviction relief, to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which was also denied on September 13, 2000. The instant motion is the defendant's second motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court denied on April 21, 2005.
The defendant claims that his fifteen-year sentence is an illegal departure to which the court lacked jurisdiction to impose. We affirm the decision denying relief below as the defendant's claim that the trial court imposed a departure sentence without providing valid reasons for doing so, is not reviewable pursuant to Florida Rule of Criminal Procedure 3.800(a). A claim that the trial court improperly departed from the recommended sentencing guidelines may not be brought pursuant to Florida Rule of Criminal Procedure 3.800(a) if the departure sentence is within the legal maximum because it does not constitute an illegal sentence. See Davis v. State, 661 So.2d 1193, 1197 (Fla. 1995), receded from in part on other grounds, Carter v. State, 786 So.2d 1173, 1177 (Fla.2001); Isom v. State, 915 So.2d 183 (Fla. 3d DCA 2005).
Additionally, we note that the defendant's claim is time-barred pursuant to Florida Rule of Criminal Procedure 3.850 and even if it were properly before us, we would affirm on the merits. The trial court imposed a sentence to which the defendant specifically agreed and in compliance with the plea agreement. See Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988) (providing that a departure sentence for the failure to appear at a sentencing hearing is valid if an integral part of the defendant's plea agreement is that the defendant's failure to appear at the sentencing hearing will result in the imposition of a departure sentence); see also Maddox v. State, 760 So.2d 89, 107 (Fla. 2000) ("A valid plea agreement constitutes clear and convincing grounds for the trial judge to impose a departure sentence."); State v. Williams, 667 So.2d 191, 193 (Fla. 1996); Valentine v. State, 736 So.2d 706 (Fla. 5th DCA 1999).
While the plea agreement specifically provided the trial court with the authority and jurisdiction to impose a sentence departing from the guidelines, the trial court in fact did not do so, as it simply imposed the fifteen-year minimum mandatory sentence required by statute. The seven-year sentence the defendant believes he was entitled to was a departure below the statutory requirements which would have been imposed had the defendant complied with the terms and conditions of his plea agreement. As there were no grounds to support a downward departure, the trial court imposed the sentence the defendant bargained for and which was mandated by law.
We, however, affirm the trial court's denial of the defendant's motion based upon the fact that the defendant's claim is not cognizable pursuant to Florida Rule of Criminal Procedure 3.800(a).
Affirmed.