WELLS, Chief Judge.
Jesus Acosta appeals from an order denying in part and granting in part his motion to correct illegal sentence under Floi’ida Rule of Criminal Procedure 3.800. Acosta raises three claims in his motion. First, he claims that his sentence was illegal because the sentences imposed on his convictions for counts 2, 3, and 4 of the charges against him were a prohibited general sentence. We affirm that portion of the order rejecting this argument (an argument subsequently abandoned by Acosta) because separate sentences were entered on these counts.
Second, Acosta claimed below that the sentencing guidelines scoresheet utilized by the trial court in initially sentencing him improperly scored a capital offense as the primary offense, where the law in effect at the time did not permit this. See § 921.001(4)(b), Fla. Stat. (1994). The State and the trial court properly agreed with Acosta on this claim. We therefore affirm that portion of the order granting Acosta relief on his claim of entitlement to a corrected guidelines scoresheet.
Lastly, Acosta claims that he is entitled to be resentenced on his convictions for kidnapping with a firearm, robbery with a firearm, and burglary with assault and a firearm because the life sentences imposed were outside the guidelines and thus constituted departure sentences which, to be legal, had to be justified with written departure reasons. We disagree. As Corria v. State, 932 So.2d 530, 532 (Fla. 3d DCA 2006), confirms, Acosta is entitled to no relief at this juncture because where, as here, the sentences imposed fall within the legal máximums allowed by law, they are not illegal and are not subject to challenge on a Rule 3.800(a) motion:
A claim that the trial court improperly departed from the recommended sen *236 tencing guidelines may not be brought pursuant to Florida Rule of Criminal procedure 3.800(a) if the departure sentence is within the legal maximum because it does not constitute an illegal sentence. See Davis v. State, 661 So.2d 1198, 1197 (Fla.1995), receded from in part on other grounds, Carter v. State, 786 So.2d 1173, 1177 (Fla.2001); Isom v. State, 915 So.2d 183 (Fla. 3d DCA 2005).
See also § 787.01(2), Fla. Stat. (1995) (“A person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life ....”) (emphasis added); § 810.02(2)(a)-(b), Fla. Stat. (1995) (“Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment ... if in the course of committing the offense, the offender: (a) Makes an assault or battery upon any person; or (b) Is or becomes armed .... ”); § 812.13(2)(a), Fla. Stat. (1995) (“If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment of a term of years not exceeding life imprisonment ....”).
We do, however, reverse and remand the order on appeal for correction of Acosta’s sentence to reflect that the minimum mandatory sentences imposed on Counts 2, 3, and 4 are to run concurrently — an argument conceded by the State in its response to Acosta’s reply to the State’s initial response to his motion.[1] The defendant need not be present for this correction.
Affirmed in part and reversed in part and remanded to correct Acosta’s sentence to reflect that the minimum mandatory sentences on Counts 2, 3, and 4 are to run concurrently.

. While the corrected scoresheet indicates the trial court's intention to have the minimum mandatory portions of these sentences run concurrently, the order on appeal does not so state nor has any corrected sentence been entered to reflect such a change.