# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0516
_____

TROY GENE BIRDSONG,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

November 13, 2024

PER CURIAM.

Appellant challenges the denial of a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We find his claims to be meritless, and affirm the order on appeal.

The following synopsis of Appellant's criminal history is not exhaustive. Appellant was convicted of rape and burglary in 1979 and sentenced to seven and a half years in the Department of Corrections. While serving that sentence, he escaped from a Jackson County facility, but was recaptured. He was released from prison on January 24, 1984. He then committed a second rape less than four months after his release. He was convicted of that offense

on August 15, 1984, and sentenced to eight years in prison. He served four years of that sentence and was released on August 19, 1988. On September 20, 1988, he committed the offenses leading to this case. On March 2, 1989, a jury found him guilty of attempted sexual battery with great force (count I); attempted kidnapping (count II); and burglary of an occupied conveyance with assault (count III). The trial court ultimately sentenced Appellant to fifteen years in prison on counts I and II, and life in prison on count III. This Court *per curiam* affirmed Appellant's convictions and sentences. *See Birdsong v. State*, 559 So. 2d 1140 (Fla. 1st DCA 1990).

Appellant now argues that his life sentence was illegal because the trial court "did not have the benefit of a score sheet" when it sentenced him. He argued that this was evident because he was sentenced on March 2, 1989, but the sentencing guidelines scoresheet was dated March 6, 1989. The postconviction court found that the record refuted this claim because in his motion, Appellant admitted that he was sentenced on March 6, 1989. The record also shows that the trial court sentenced Appellant on March 6, 1989.

Appellant also challenges the reasons for an upward departure from the sentencing guidelines then in effect. This claim is meritless and not cognizable. "A claim that the trial court improperly departed from the recommended sentencing guidelines may not be brought pursuant to [rule 3.800(a)] if the departure sentence is within the legal maximum because it does not constitute an illegal sentence." *Acosta v. State*, 103 So. 3d 234, 235-36 (Fla. 3d DCA 2012). The jury convicted Appellant of burglary of an occupied conveyance with assault. Section 810.02(2), Florida Statutes, defines this offense as a "felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment."

Moreover, the transcript shows that the trial court gave a permissible reason for the upward departure—Appellant's repeated criminal conduct of the same type with no apparent intention to stop. *See Riggins v. State*, 489 So. 2d 180 (Fla. 1st DCA 1986). Thus, the claim is meritless, and Appellant has not otherwise shown the existence of any valid basis for relief.

AFFIRMED.

B.L. THOMAS, KELSEY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Troy Gene Birdsong, pro se, Appellant.

Ashley Moody, Attorney General, and Amanda Uwaibi, Assistant Attorney General, Tallahassee, for Appellee.

3